UNITED STATES of America, Appellee,

v.

Edmund G. WOODS, Defendant-Appellant.

No. 197, Docket 24694.

United States Court of Appeals Second Circuit.

Argued Jan. 10, 1958.

Decided Jan. 31, 1958.

---

Henry K. Chapman, New York City, for defendant-appellant.

Richard A. Green, Asst. U. S. Atty., S. D.N.Y., New York City (Paul W. Williams, U. S. Atty., and Mark F. Hughes, Jr., Asst. U. S. Atty., S.D.N.Y., New York City, on the brief), for appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

Defendant Woods appeals from a conviction in a jury case of selling narcotics in violation of 21 U.S.C.A. §§ 173, 174. The trial presented but one question to the jury: Did the package which the defendant concededly sold to Agent Groff for $80 in cash contain narcotics, as the government testimony showed? Or did it contain merely plaster of Paris which the defendant palmed off on Agent Groff to cheat him out of $80, as the defendant testified? On appeal the defendant makes two contentions: first, the judge took too great a part in the questioning of witnesses, and, second, that the judge erred in telling the jury that he thought the defendant guilty as charged.

It is, of course, well established that during the course of trial a federal judge is more than a moderator. United States v. Rosenberg, 2 Cir., 195 F.2d 583, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687. It is his duty to develop the facts and to make the proceedings orderly and comprehensible to the jury. At most points, the record below shows a commendable discharge of this judicial responsibility. Many of the questions now criticized we think were entirely proper, especially those which developed the reason for the failure to arrest the defendant promptly upon the consummation of the sale.

However, at one point in his examination of the defendant, who had taken the stand in his own defense, the judge went further than permissible. A necessary corollary of the defense was that the defendant had been "framed" by the agents, and that the agents had either

fooled the United States Attorney or else the United States Attorney was a party to the "frame-up." This implication was developed in a line of questioning by the judge in the course of which he stated that he had once been an Assistant United States Attorney and that it was "easy enough to tell when an agent is trying to frame somebody." Thus in effect he assumed the role of an expert witness and told the jury that it could not give credit to the defense without imputing to the prosecutor conscious participation in a frame-up. This, we think, went outside the area of permissible judicial questioning. See United States v. Brandt, 2 Cir., 196 F.2d 653.

■ In his charge, the judge, though admonishing the jury three times that they were the sole triers of the facts, told them that he personally believed the defendant guilty of the crime charged. To this defendant's assigned counsel noted no exception. However, in the situation then existing, an exception would have been pointless. For the content of the charge was such that an exception could not have led to an additional, curative instruction. In the context of this case, we think we are not foreclosed by the absence of an exception from consideration of the propriety of the instructions given. Fed.Rules Cr.Proc. rule 52(b), 18 U.S. C.A. United States v. Raub, 7 Cir., 177 F.2d 312. See also United States v. O'Connor, 2 Cir., 237 F.2d 466, 472.

■ Although in Dillon v. United States, 2 Cir., 279 F. 639, this court held that the trial judge might inform the jury of his opinion as to the guilt or innocence of the accused, we concluded in United States v. Goldstein, 2 Cir., 120 F. 2d 485, 491, affirmed 316 U.S. 114, 62 S. Ct. 1000, 86 L.Ed. 1312, that as to this point Dillon "was probably overruled" by United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 225, 78 L.Ed. 381. And the Murdock case indicates that the judge may express his opinion as to the defendant's guilt "only in exceptional cases" such as exist where "upon the undisputed and admitted facts, the defendant's voluntary conduct amounted to the commission of the crime defined by the statute." To the same effect is Davis v. United States, 10 Cir., 227 F.2d 568, where the facts are almost identical with those in the case now on appeal. See also United States v. Link, 3 Cir., 202 F.2d 592; Billeci v. United States, 87 U.S. App.D.C. 274, 184 F.2d 394, 24 A.L.R.2d 881; cf. Hartzell v. United States, 8 Cir., 72 F.2d 569, certiorari denied 293 U.S. 621, 55 S.Ct. 216, 79 L.Ed. 708. Here the vital facts are seriously disputed and the case therefore falls within the Murdock holding and not within any recognized exception thereto. Consequently, we must hold, the charge in this respect contained reversible error.

The government urges that in the instant case the judge might properly have said, "My personal opinion is that the government agents are telling the truth, and the defendant Woods is not." This, it is argued, in practical effect amounts to what was actually said, since in this case the verdict necessarily depended upon the solution of the credibility issue. Assuming that in this case the judge might properly have commented on the credibility of the witnesses, as the government contends, nevertheless we perceive a significant difference between expression as to "guilt" and expression as to "credibility" especially in view of the impact of the burden of proof. For in saying that he thought the defendant guilty the judge in effect said that he thought the agents' testimony was not only true but constituted evidence of guilt beyond a reasonable doubt. But whether or not in the area of judicial comment this distinction between "guilt" and "credibility" be valid, we cannot without collision with Murdock sustain this charge.

We feel we should add that there were factors present in this case which go far to explain the reason for the trial judge's comments and questions. The defendant's bizarre and rather unusual defense, which had produced a hung jury at the first trial, undoubtedly led the judge to feel that in the interest of justice he should take more of a part in the trial

than is customary. Nevertheless, we must hold that his participation in the conduct of the trial may not properly exceed the limits established by the precedents.

We wish to take this opportunity to thank Mr. Henry K. Chapman who has served as assigned counsel for the defendant, ably representing him throughout two trials and this appeal.

Reversed and remanded.