**UNITED STATES of America, Appellee,**

v.

**Coner Elmer HAYNES, Appellant.**

**No. 400, Docket 26023.**

United States Court of Appeals Second Circuit.

Argued June 5, 1961.

Decided June 8, 1961.

Henry J. Steiner, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Grenville Garside, Asst. U. S. Atty., S. D. New York, New York City (Robert M. Morgenthau, U. S. Atty., and George

I. Gordon, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and GOODRICH * and FRIENDLY, Circuit Judges.

PER CURIAM.

Coner Elmer Haynes, a merchant seaman, appeals from his conviction of assault with a dangerous weapon with intent to do bodily harm. 18 U.S.C. § 113 (c). Jurisdiction lies in the federal courts because the assault occurred in the Persian Gulf "within the admiralty and maritime jurisdiction of the United States * * *' [on a] vessel belonging to [a United States citizen] * *". 18 U.S.C. § 7, and venue was properly laid in the Southern District because Haynes was "found" therein after his return from the voyage. 18 U.S.C. § 3238. There was sufficient evidence for the jury to find that Haynes had attacked and stabbed Gerald Shaffer, a fellow seaman, with a pocket knife and appellant's sole contention is that the trial judge's comment upon the evidence was fundamentally unfair. We do not agree and therefore we affirm the conviction.

■ Haynes' trial counsel made no objection to the charge. Though in exceptional cases we can nevertheless notice the assertion of error, United States v. Woods, 2 Cir., 1958, 252 F.2d 334; United States v. Raub, 7 Cir., 1949, 177 F.2d 312, 315; cf. United States v. O'Connor, 2 Cir., 1956, 237 F.2d 466, we do not do so here since the alleged errors are neither "plain" nor "substantial." Rule 52(b), Federal Rules of Criminal Procedure, 18 U.S.C.

■■ Two of the challenged statements consisted of telling the jury that it could "pause" or "inquire" why Haynes threw the knife overboard or denied to the ship's captain, who was seeking to treat the injured man, that he had used a knife. The trial judge did little more than call the jury's attention to these incriminating items of evidence and to the extent that he obliquely intimated that he found the evidence significant he was well within the zone of permissible comment. United States v. Goldstein, 2 Cir., 1941, 120 F.2d 485; compare Quercia v. United States, 1933, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321; United States v. Murdock, 1933, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381. Another challenged portion of the charge, where the judge stated in reference to an earlier fight following Shaffer's rejection of Haynes' offer of friendship, that an "abusive rejection" would not justify an assault does not, when read in context, support the contention that it took the issue of fact away from the jury or even that it disclosed the judge's view of the incident.

■ Haynes' final contention is that the judge erred in telling the jury that it had a "right to ask" whether Shaffer could have received as serious a wound as he did by merely falling on somebody who was using a knife for an "innocent purpose, such as fixing a wire for a radio. * * *" We agree with Haynes that this misconstrued his defense which was that he had raised his hand holding the knife to protect himself from a can thrown by Shaffer, who then had jumped upon him and injured himself. An objection, calling the misconstruction to the attention of the trial judge, however, would have enabled him to correct the misstatement. Compare United States v. Woods, supra. In any event, we do not think that one such lapse made the trial fundamentally unfair. The charge made it abundantly clear that the jury must rely upon their own recollection, not the judge's, and stated that they were the "sole judges of the credibility of the witnesses and the weight to be accorded the testimony of each. * * *"

We commend appellant's assigned counsel, Henry J. Steiner, for his able presentation of this appeal.

Affirmed.

* Sitting by designation.