Harry William BRALEY, Appellant,

v.

Clarence T. GLADDEN, Warden, Appellee.

No. 22200.

United States Court of Appeals Ninth Circuit.

Nov. 21, 1968.

Rehearing Denied Dec. 24, 1968.

Before HAMLEY and ELY, Circuit Judges, and VON DER HEYDT, District Judge.

ELY, Circuit Judge:

This appeal is from an order denying appellant's petition for habeas corpus. The District Court proceeded under 28 U.S.C. § 2241, and our jurisdiction is conferred by 28 U.S.C. § 2253.

Braley is an Oregon state prisoner. In 1958 a jury convicted him of first degree murder. Under Oregon law, ten of the twelve jurors might have returned a verdict of not guilty. In his instructions, the trial judge did not advise the jury of this fact. Furthermore, while a form for the returning of a guilty verdict was supplied to the jury, the court inadvertently neglected to supply the usual form for the returning of a verdict of acquittal. At his trial, Braley did not deny committing the homicide. In defense, he insisted that at the time he was highly intoxicated and, alternatively, that he was legally insane. On appeal the Oregon Supreme Court held that while the omissions constituted error, the error was not prejudicial. State v. Braley, 224 Or. 1, 355 P.2d 467 (1960). This determination, with which the District Court agreed, was based on the assumption that the jury might have reasonably inferred that ten of its members had the power to return a verdict of not guilty from a portion of the trial court's instructions as follows:

"Now ladies and gentlemen of the jury, with the exception of the crime of murder in the first degree, if your verdict is for murder in the first degree, as charged in the indictment, then your verdict must be unanimous. If your verdict is guilty of any of the lesser degrees of crime as I have defined and explained to you, then your verdict need not be unanimous. Ten members of the jury can bring in a verdict in this case against the defendant or—leave out that last remark —by ten members only concurring. You understand what I mean? Just one verdict which requires your ver-

Vincent G. Ierulli (argued), of Franklin, Olsen, Bennett, Des Brisay & Jolles, Portland, Ore., for appellant.

David H. Blunt (argued), Asst. Atty. Gen., Robert Y. Thornton, Atty. Gen., Salem, Ore., for appellee.

dict to be unanimous out of all the verdicts I have submitted to you."

In addition the Oregon court concluded that in light of the instructions as to the prosecution's burden of proof and the presumption of innocence, the failure to provide a form on which to return a verdict of not guilty did not confuse the jurors as to their power to acquit.

The appellee argues that the sixth amendment right to a jury trial has never been extended to the states by incorporation into the fourteenth amendment. See Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947); Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937); Hughes v. Heinze, 268 F.2d 864 (9th Cir. 1959). Emphasizing that the jury trial in this case arose solely from article I, section 11 of the Oregon constitution, the appellee insists that the interpretation by Oregon courts as to that which is required by Oregon's constitution is finally controlling. See Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907).

■■  Unquestionably, the state courts should have the primary responsibility for determining the application of the state constitutions; however, this principle does not diminish our responsibility to insure that state constitutional interpretations are consistent with the federal Constitution. The Due Process clause of the fourteenth amendment guarantees a fair trial. Hence, whether a state requires a jury trial or not in a particular proceeding, the fundamental inquiry remains the same—Did the trial conform to fundamental ideas of fairness. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942); Brubaker v. Dickson, 310 F.2d 30, 37 (9th Cir. 1962). See also Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941); Pike v. Dickson, 323 F.2d 856 (9th Cir. 1963); Chavez v. Dickson, 280 F.2d 727 (9th Cir. 1960).

■■■  A jury is required to presume that an accused is innocent until he is proved guilty, and a court presumes that the jury applies only that law of which it is informed by the judge. Critical deficiencies cannot be supplied by inference or assumption as to the interpretation applied subjectively by twelve jurors, individually and collectively. While it may not be unreasonable to assume that the jury inferred from the instructions that it might be empowered to write its own form of a verdict of not guilty, it is equally reasonable to assume that the jury inferred that the judge intended that only one verdict was possible, a verdict of guilty upon the one and only form which he supplied.

■  All recognize that a trial judge's influence upon the jury is profound. See, e. g., Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1938); Starr v. United States, 153 U.S. 614, 14 S.Ct. 919, 38 L.Ed. 841 (1894). Hence, the oversight in not furnishing the not guilty verdict form along with the opposite form constituted, in effect, a severely adverse comment by the trial judge, an impermissibly grave insinuation of judicial attitude toward the ultimate issue of guilt or innocence. Accordingly, we hold that the influence exerted by the trial judge, although unintended and probably resulting from a clerk's oversight, was so significantly irregular as to require a new trial.

Directly in point is Commonwealth v. Edwards, 394 Pa. 335, 147 A.2d 313 (1959), wherein, notwithstanding the fact that the defendant admitted a slaying, the Pennsylvania Supreme Court held that the trial court's failure to include not guilty as one possible verdict deprived the accused of a fair trial. The prosecution argued that Edwards could not have been prejudiced by the judge's failure to suggest a simple not guilty verdict owing to the extreme unlikelihood of a jury acquitting an admitted slayer. This argument parallels the rationale that is implicit in the position taken by the Oregon Supreme Court and the District Court in our case. The *Edwards* court rejected the state's supposition because "[I]t must still be left to the jury to

decide whether an admitted slayer had or did not have justification or excuse for what he did." 147 A.2d at 314.

"To say that a judge need not charge on an indispensable requirement in the law because the defendant is assuredly guilty is to hang the accused first and indict him afterwards. It is the trial and the trial alone which decides whether a defendant is assuredly guilty. The presumption of innocence is not merely a papier-mâché figure for dramatic display in the courtroom; it is a reality without which trials become mere playacting with the verdict residing in the judge's pocket before the jury is sworn. Even, if in an hypothetical case, the evidence of guilt piles as high as Mt. Everest on Matterhorn, even if the District Attorney conscientiously believes the defendant to be as guilty as Cain, and no matter with what certainty the Judge views the culpability of the accused at the bar, the defendant is still entitled to all the safeguards of a fair trial as announced in the Constitution, and the law of the land. * * * "

147 A.2d at 314–315.

The teaching of United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1934), a tax evasion case, is also applicable. Murdock was convicted after the jury was instructed that the trial judge believed the accused to be guilty. Despite the fact that the trial judge had also advised the jury that it was free to disregard his expressed opinion, the Supreme Court held that the petitioner was denied a fair trial by the court's comment on the ultimate issue of guilt. The Court stated that while judges may analyze the evidence and comment upon its weight, such comments on the issue of guilt are allowed in only the "exceptional case." 290 U.S. at 394, 54 S.Ct. 223.

The "exceptional case" to which the *Murdock* court alluded is one in which all facts necessary to conviction are undisputed. McBride v. United States, 314 F.2d 75 (10th Cir. 1963). See also Davis v. United States, 227 F.2d 568 (10th Cir. 1955); Sadler v. United States, 303 F.2d 664 (10th Cir. 1962). The Supreme Court made it clear that *Murdock* did not represent such an "exceptional case" even though it was undisputed that the accused had committed the acts constituting the offense. Because the particular statute prohibited *willful* acts only, the Supreme Court reasoned that the Government still had the burden of proving that the acts were committed intentionally, with a bad purpose, and without a justifiable excuse. 290 U.S. at 394, 54 S.Ct. 223.

Oregon had no less a burden in Braley's case. At the trial there was, as we have said, no dispute over who committed the homicide. Braley's defense was that he was highly intoxicated or legally insane at the time of the slaying. *Willfulness* was no less in issue than it was in *Murdock*. That the Oregon Supreme Court recognized this is implicit from its action in reducing Braley's conviction of first degree murder to murder in the second degree.

When a state conducts a jury trial in a criminal case, the trial must measure up to reasonable standards of regularity. The appellee does not deny that the failure to supply the acquittal form constituted a departure from the regular procedure in Oregon trials. If the departure was of such significance that it denied to appellant a substantial right which Oregon granted to others in his position, it cannot be countenanced. "[A state] may not discriminate arbitrarily between persons * * *." Mr. Justice Douglas, dissenting in Whitney v. Florida, 389 U.S. 138, 139, 88 S.Ct. 314, 19 L.Ed.2d 343 (1967). (Explanation added.)

The order dismissing the appellant's petition is vacated. Upon remand, the District Court will hold the petition in abeyance in order to afford Oregon the opportunity to retry Braley within a reasonable time.

Reversed.