**Stanley Nick GONSIOR, Petitioner-Appellant,**

v.

**Walter E. CRAVEN, Warden, California State Prison, Respondent-Appellee.**

No. 25521.

United States Court of Appeals, Ninth Circuit.

Aug. 23, 1971.

Stanley Nick Gonsior, in pro. per.

Evelle J. Younger, California Atty. Gen., San Francisco, Cal., for appellee.

Before MERRILL, CARTER and CHOY, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Appellant, a prisoner at Folsom, California, is serving terms under a first degree robbery conviction, and under a conviction for being a felon in possession of a concealed weapon in violation of Penal Code § 12021. Appellant's convictions were affirmed by the California Court of Appeal. He thereafter exhausted his remedies in the State court.

His petition for a writ of habeas corpus, filed in the United States District

Court, and contesting only the robbery conviction, was denied following an order to show cause and a return by the State of California. His appeal raises two questions.

1. Whether a comment on the evidence by a State trial judge was error, and whether it raised a federal constitutional issue;

2. Assuming the comments of the trial judge was error and of constitutional dimension, was the error harmless beyond a reasonable doubt under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

At the trial on the robbery charge, resulting in the conviction which appellant here contests, the court gave the following instructions:

"By the Constitution of California, a Judge of this Court, presiding in the trial of an action, is authorized, within proper bounds, to comment on the evidence and the testimony and credibility of any witness.

It appears to this Court from a consideration of the evidence that proof has been made beyond a reasonable doubt that the Defendant, Stanley Nick Gonsior, committed the crime of robbery on August 1, 1964, as charged in the information, and that he was at the time armed with a deadly weapon.

I would caution you that it is your right and duty to exercise the same independence of judgment in weighing my comment on the evidence as you are entitled to exercise in weighing the testimony of the witnesses and arguments of counsel. You will keep in mind that you are the exclusive judges of the credibility of the witnesses and of all questions of fact submitted to you. Such authority as the trial judge has to express his personal thoughts on any of these matters is confined to the sole purpose of aiding you in arriving at a verdict and may

not be used and is not used in this case to impose his will upon you or to compel a verdict." (TR. 121–23.)

At the time of petitioner's trial and conviction in 1964, Art. 6, § 19 of the California State constitution read as follows: [1]

" § 19. Instructions to jury; comments on evidence and credibility of witnesses

Sec. 19. The court may instruct the jury regarding the law applicable to the facts of the case, and may make such comment on the evidence and the testimony and credibility of any witness as in its opinion is necessary for the proper determination of the case. The court shall inform the jury in all cases that the jurors are the exclusive judges of all questions of fact submitted to them and of the credibility of the witnesses."

Appellant's petition, though not artfully drawn, raises questions under the Sixth and Fourteenth Amendments to the United States Constitution. The question under the Sixth Amendment is whether the court's comments denied him a trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) and Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968) hold that the Sixth Amendment right to a jury trial is incorporated within the Due Process clause of the Fourteenth. But De Stefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968) made the above decisions prospective and applicable only to trials commenced after May 20, 1968. De Stefano forecloses appellant on the Sixth Amendment contention since he was convicted in 1964.

Under the Fourteenth Amendment the question presented is whether the court's comment was so impermissible as to amount to a denial of due process or as held in Irvin v. Dodd, 366 U.S. 717,

---

1. § 19 was repealed November 8, 1966, at which time there was substituted § 10 of Art. 6, which reads in part as follows: "The court may make such comment on the evidence and the testimony and credibility of any witness as in its opinion is necessary for the proper determination of the cause."

81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), amounts to a denial of a fair and impartial trial.

Generally the cases hold as stated in Higgins v. Wainwright, (5 Cir. 1970) 424 F.2d 177,

> "Habeas corpus does not lie to set aside a conviction on the basis of improper jury instructions unless the impropriety is a clear denial of due process so as to render the trial fundamentally unfair." [p. 178].

Schiers v. People of State of Calif., (9 Cir. 1964) 333 F.2d 173 (an instruction that failure to reply to an accusatory statement might be considered as indicating an admission of guilt): Austin v. Wainwright, (5 Cir. 1970) 427 F.2d 1165 (failure to instruct in a rape case as to the lesser offenses of attempted rape, aggravated assault, and assault and battery).

In Braley v. Gladden, (9 Cir. 1968) 403 F.2d 858 the appellee argued that the Sixth Amendment had never been extended to the States by incorporation into the Fourteenth Amendment. The Court stated:

> "The Due Process clause of the fourteenth amendment guarantees a fair trial. Hence, whether a state requires a jury trial or not in a particular proceeding, the fundamental inquiry remains the same—Did the trial conform to fundamental ideas of fairness." [p. 860]

*Braley* is distinguishable from the case at bar. There the state trial judge did not advise the jury that under Oregon law ten of twelve jurors might return a verdict of not guilty [p. 859] and did not provide the jury a form on which to return a verdict of not guilty [p. 860]. In the case at bar, although the trial judge commented on the defendant's guilt, he followed it up immediately with instructions that the jury was entitled to exercise its independent judgment in weighing the testimony of the witnesses, that the jury was the exclusive judge of the credibility of the witnesses and of all questions of fact, and finally that the judge's personal comments were not to be used to impose his will on the jury or to compel a verdict.

United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1934), relied on in *Braley*, was an appeal from a federal conviction. The Supreme Court did not base its decision on constitutional grounds but obviously on its power to supervise procedures in the federal courts. McBride v. United States, (10 Cir. 1963) 314 F.2d 75 and Davis v. United States, (10 Cir. 1955) 227 F.2d 568, also relied on in *Braley*, were also appeals from convictions in the federal court and merely followed *Murdock*.

In *Braley* the failure to inform the jury, contrary to Oregon law, that ten of the twelve jurors could acquit and the failure to provide a form for a not guilty verdict must be contrasted with the clear explanatory and cautionary instruction which immediately followed the court's comments in the case at bar. It would appear that failure to instruct on how many votes of jurors were sufficient to render a not guilty verdict and failure to provide the not guilty verdict is a far different situation from a judge's comment on guilt followed by complete instructions on the province of the jury.

Moreover, in the case at bar, Art. 6, § 19 of the California Constitution was in effect at the time of trial. In 1958, the California Supreme Court had considered the above provision of the California Constitution in People v. Friend, 50 Cal.2d 570, 327 P.2d 97 and had stated:

> "The extent to which a judge is free to comment on the evidence is shown by the fact that it has frequently been recognized that a judge may express his opinion as to the guilt or innocence of the defendant, so long as the province of the jury as defined by the constitutional section is not invaded;" [p. 578, 327 P.2d p. 101] and

cited numerous California cases in support of its statement.

We are considering a state conviction where a procedure was followed which, at the time, was allowed by the State Constitution and approved by State cases. In view of the explanatory instructions we cannot say the trial was rendered fundamentally unfair or that appellant was denied due process of law.

In view of our holding on the first issue, we do not reach the second.

Judgment is affirmed.