James DAVIS, Plaintiff-Appellee,

v.

Walter E. CRAVEN, Defendant-Appellant.

No. 71–2813.

United States Court of Appeals, Ninth Circuit.

Sept. 11, 1973.

---

James B. Cuneo, Deputy Atty. Gen. (argued), Evelle J. Younger, Atty. Gen., Herbert L. Ashby, Chief Asst. Atty. Gen., William E. James, Asst. Atty. Gen., Robert R. Granucci, Deputy Atty. Gen., San Francisco, Cal., for defendant-appellant.

Thomas J. Graff (argued), Environmental Defense Fund, Berkeley, Cal., for plaintiff-appellee.

Before CHAMBERS, MERRILL, KOELSCH, BROWNING, DUNIWAY, ELY, HUFSTEDLER, WRIGHT, TRASK, CHOY, GOODWIN and WALLACE, Circuit Judges.

## OPINION

DUNIWAY, Circuit Judge:

The State of California (acting through its warden) appeals from an order granting a writ of habeas corpus on behalf of James Davis, a prisoner serving a sentence for first-degree robbery and assault with intent to commit murder.

At the close of Davis' trial in the state court, the judge said:

"It is the opinion of this Court, based on the evidence that we have heard in this case, that the guilt of the Defendant in this case has been proved beyond reasonable doubt as to each of the counts in the Indictment. I would caution you that it is your right and your duty to exercise the same independence of judgment in weighing the Judge's comments on the evidence as you are entitled to exercise in weighing the testimony of the witnesses and the arguments of counsel.

"You will keep in mind that you are the exclusive judges of the credibility of the witnesses and of all questions of facts submitted to you. Such authority as the trial Judge has to express his personal thoughts on any of these matters is confined to the sole purpose of aiding you in arriving at a verdict and may not be used and is not used in this case to impose his will upon you or to compel a verdict."

The jury found Davis guilty.

The conviction was affirmed on appeal. People v. Davis, 1968, 260 Cal. App.2d 211, 67 Cal.Rptr. 35, cert. denied, 1968, 393 U.S. 890, 89 S.Ct. 210, 21 L. Ed.2d 169. Citing People v. Brock, 1967, 66 Cal.2d 645, 58 Cal.Rptr. 321, 426 P.2d 889, a decision of the California Supreme Court disapproving an almost identical instruction, the state appellate court held that the trial judge's comment on Davis' guilt was error under California law, but that the error was harmless.

After unsuccessfully petitioning the state courts for a writ of habeas corpus, Davis turned to the federal courts. In the federal habeas corpus proceedings, the district court held that "[j]udicial comment to the jury, reflecting the court's view that the defendant was guilty, is prima facie an unconstitu-

tional deprivation of the due process right of fundamental fairness." We disagree and reverse.

■ In Gonsior v. Craven, 9 Cir., 1971, 449 F.2d 20, we dealt with an almost identical instruction, given in a California criminal case. We declined to hold that the instruction deprived the defendant-petitioner of due process of law. In the present case, we ordered a hearing in banc to consider whether Gonsior was correctly decided, or should be overruled. We conclude that Gonsior was correctly decided, is dispositive of this case, and should not be overruled. We do not favor "constitutionalizing," and thus imposing on the states, the result reached in United States v. Murdock, 1933, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381.

Murdock is the only Supreme Court decision brought to our attention that involved a comparable instruction to that given by the judge in Davis' case. Here is the instruction in Murdock:

"So far as the facts concerned in this case, gentlemen of the jury, I want to instruct you that whatever the Court may say as to the facts, is only the Court's view. You are at liberty to entirely disregard it. The Court feels from the evidence in this case that the Government has sustained the burden cast upon it by the law and has proved that this defendant is guilty in manner and form as charged beyond a reasonable doubt." (290 U.S. at 393, 54 S.Ct. at 225)

And here is the Supreme Court's ruling:

"In the circumstances we think the trial judge erred in stating the opinion that the respondent was guilty beyond a reasonable doubt. A federal judge may analyze the evidence, comment upon it, and express his views

with regard to the testimony of witnesses. He may advise the jury in respect of the facts, but the decision of issues of fact must be fairly left to the jury, Patton v. United States, 281 U.S. 276, 288, [50 S.Ct. 253, 74 L.Ed. 854]; Quercia v. United States, 289 U.S. 466, [53 S.Ct. 698, 77 L.Ed. 1321]. *Although the power of the judge to express an opinion as to the guilt of the defendant exists, it should be exercised cautiously and only in exceptional cases.* Such an expression of opinion was held not to warrant a reversal where upon the undisputed and admitted facts the defendant's voluntary conduct amounted to the commission of the crime defined by the statute. Horning v. District of Columbia, 254 U.S. 135, [41 S.Ct. 53, 65 L.Ed. 185]. The present, however, is not such a case, unless the word 'willfully,' used in the sections upon which the indictment was founded, means no more than voluntarily." (290 U.S. at 394, 54 S.Ct. at 225 emphasis added.)

The Court then proceeded to hold that actual wrongful intent was an element of the crime, that as to this the evidence was in conflict, and that therefore there was error.

The emphasized language and the citation, without disapproval, of Horning v. District of Columbia, both indicate that, in exceptional cases, an instruction such as was given in Davis' case is not error at all. *A fortiori*, it is not an error of constitutional dimension under the Constitution of the United States.[1]

We know of no decision of the Supreme Court since Murdock that elevates the Murdock rule to constitutional status. Certainly Parker v. Gladden, 1966, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420, does not. That case involved unauthorized tampering with the jury by a

---

1. There are several Circuit Court decisions that follow *Murdock*; e.g., United States v. Woods, 2 Cir., 1958, 252 F.2d 334; United States v. England, 7 Cir., 1965, 347 F.2d 425; McBride v. United States, 10 Cir., 1963, 314 F.2d 75. Each held it to be error to give a comparable instruction; none pur-

ports to lay down a rule of constitutional law. Compare: United States v. Jacobo-Gil, 9 Cir., 1973, 474 F.2d 1213, 1216; United States v. Carlos, 9 Cir., 1973, 478 F.2d 377 in which we have held that certain comments are erroneous.

bailiff, unknown to the court or the parties, which is quite different from what happened in *Murdock* and in Davis' case. In *Parker* there was no opportunity for the court to correct it. Moreover, as the Court pointed out in *Parker* (p. 364, 87 S.Ct. 468), the bailiff's statement amounted to testimony received by the jury, not in open court, not subject to confrontation or cross-examination or any other safeguards of a trial. Contrast that situation with what was done by the judge here. He expressed his opinion of the evidence, in open court, and accompanied it with a clear and direct statement that it was only an opinion and did not bind the jury and that the jury was free to disregard it and find the other way.

Nor can we read *Parker* as establishing the proposition that any error which can be said to go "to the fundamental process of assessing and evaluating evidence" is a violation of due process. This is a jump that we cannot make. For obvious reasons, it is not the job of a bailiff to provide the jury with evidence, or to decide what evidence a jury may or may not hear, or to aid them in evaluating the evidence. However, the latter is precisely a role of the trial judge; indeed, the Supreme Court has long held that this judicial function is part of the fundamental nature of a trial by jury as guaranteed by the Federal Constitution.

In *Murdock*, the Court cites Patton v. United States, 1930, 281 U.S. 276, 288, 50 S.Ct. 253, 74 L.Ed. 854. In *Patton*, at the cited page 288, 50 S.Ct. page 254, the Court defines a trial by jury as including three elements, the second of which is:

"(2) that the trial should be in the presence and under the superintendence of a judge having power to instruct them as to the law *and advise them in respect of the facts;*" (emphasis added.)

The Court in *Murdock* also cites Querica v. United States, 1933, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321. In that case, at p. 469, 53 S.Ct. at p. 699, the Court quotes Sir Matthew Hale:

" 'Herein he [the judge] is able, in matters of law emerging upon the evidence, to direct them [the jury]; and also, in matters of fact to give them a great light and assistance by his weighing the evidence before them, and observing where the question and knot of the business lies, and by showing them his opinion even in matters of fact; which is a great advantage and light to laymen.' Hale, History of the Common Law, 291, 292. Under the Federal Constitution the essential prerogatives of the trial judge as they were secured by the rules of the common law are maintained in the federal courts."

The trial judge in Davis' case did just what Hale and the Supreme Court say that he may do. It would be incongruous to hold that error in performing this valuable function violates the Federal Constitution.[2]

This is not to say that judicial mistakes by state judges can never rise to the level of federal constitutional error.[3]

---

2. The proposed new constitutional rule cannot rationally be limited to cases such as this one; its logical consequence is a complete re-examination and limiting of the trial judge's role as advisor to the jury. For example, can it be seriously contended that a judicial comment to the effect that a defendant's credibility should be questioned because of his personal stake in the case does not "go to the fundamental process of assessing and evaluating evidence," or that it may not be the equivalent of a comment on the "ultimate question" in certain cases? But such comments have regularly been approved by this Court. *E.g.* United States v. Jacobo-Gil, 9 Cir., 1973, 474 F.2d 1213; United States v. Eskridge, 9 Cir., 1972, 456 F.2d 1202, 1205–1206; Louie v. United States, 9 Cir., 1970, 426 F.2d 1398, 1402; Papadakis v. United States, 9 Cir., 1953, 208 F.2d 945, 954. In short, it is by no means clear that *Gonsior* will be the only casualty if we were to overrule it.

3. Chambers v. Mississippi, 1973, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297, and Brooks v. Tennessee, 1972, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358, do illustrate the

That such instances can occur is illustrated by Braley v. Gladden, 9 Cir., 1968, 403 F.2d 858, but that case is no more in point here than Parker v. Gladden, *supra, Braley* arose from an Oregon prosecution for murder. Under Oregon law, to convict of murder in the first degree, a unanimous verdict was required. For lesser included offenses, a 10 to 2 verdict sufficed. The judge so informed the jury. To acquit a 10 to 2 verdict also sufficed. The judge, however, did not tell the jury that. Moreover, while the jury received forms for guilty verdicts, it received none for acquittal. This was done in the context of an instruction as to the sufficiency of a 10 to 2 verdict of conviction, reading: "Just one verdict which requires your verdict to be unanimous out of all the verdicts I have submitted to you." (403 F.2d at 859–860.) We held that this performance deprived Braley of due process. One of the elements of due process in the context of a jury trial is a knowledge by the jury that it may acquit, and of how it may acquit. In *Braley,* we said that what happened "constituted, *in effect,* a severely adverse comment by the trial judge, an impermissibly grave insinuation of judicial attitude toward the issue of guilt or innocence." (Emphasis added.) Read in context, this is hardly a holding that *any* comment indicating a state judge's attitude toward the issue of guilt or innocence violates the Federal Constitution. In *Braley* the trial judge did nothing to counteract the "insinuation of judicial attitude" that we found in what happened. In *Davis,* on the other hand, after making his comment, the trial judge made it clear to the jury that it was only a comment,

that it was up to the jury to come to its own conclusion, and that the jury was entirely at liberty to disregard the comment.

United States ex rel. De Lucia v. McMann, 2 Cir., 1967, 373 F.2d 759, is likewise not in point. It involved the taking of an unauthorized view of the scene of the crimes by some members of the jury. As in *Parker, supra,* this was the reception of evidence by jurors ex parte and without any of the safeguards of a trial. The case is no more in point than is *Parker,* on which it expressly relies.

We find no federal constitutional error here.

Our holding makes it unnecessary to consider the state's further argument that the error, if of constitutional dimension, was harmless beyond a reasonable doubt under Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705, and its progeny.

The order appealed from is reversed.

GOODWIN, Circuit Judge with whom Judges Merrill, Browning, Ely and Hufstedler concur (dissenting):

While I agree that it is unwise unnecessarily to give constitutional status to rules of procedure which have commended themelves to one or more federal courts, I believe the judge's comment in this case was at least as much of a threat to the fairness of the trial as were the judicial errors and omissions which were found to be constitutionally fatal in such cases as Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966); Braley v. Gladden, 403 F.2d 858 (9th Cir. 1968); and Naughten v.

---

fact that from time to time the Supreme Court "constitutionalizes" a rule that some might think deals only with error rather than with violation of the constitution. Neither case, however, even remotely resembles the *Davis* case. In *Chambers* the court held that a state rule of evidence, as applied in that case improperly prevented a defendant who was charged with murder from showing that another man had confessed to the murder under circumstances which appeared to

the Court to establish the credibility of the confession. In *Brooks* the trial court had applied a Tennessee rule under which a defendant, if he desired to take the witness stand, had to do so before any of his own witnesses could testify. The court held that this violated his fifth amendment privileges against self-incrimination. The difference between these two cases and the *Davis* case is obvious.

Cupp, 476 F.2d 845 (9th Cir. 1972), cert. granted, 411 U.S. 947, 93 S.Ct. 1926, 36 L.Ed.2d 408 (1973). Further, by not overruling Gonsior v. Craven, 449 F.2d 20 (9th Cir. 1971) while en banc, we are leaving undone a piece of work that will have to be done later.

Accordingly, I dissent.