UNITED STATES of America,
Plaintiff-Appellee,

v.

James Charles STEPHENS, Defendant-
Appellant.

No. 73–1739.

United States Court of Appeals,
Ninth Circuit.

Oct. 25, 1973.

Monte E. Hester (argued), Tacoma, Wash., for defendant-appellant.

J. S. Obenour, Asst. U. S. Atty. (argued), Tacoma, Wash., for plaintiff-appellee.

Before CHAMBERS, WRIGHT and KILKENNY, Circuit Judges.

## OPINION

EUGENE A. WRIGHT, Circuit Judge:

Stephens appeals from his conviction after a jury trial for robbery of a national bank [18 U.S.C. § 2113(a) and (d)]. He contends that the trial judge's comments to the jury denied him a fair trial and that there was insufficient evidence to support the verdict. Agreeing with the first contention, we reverse.

At the close of Stephens' trial in the district court, the judge said:

"Now my comment. If he went out there and looked at that bank with the idea of whether or not to rob it, he certainly had no compunction about whether or not he should rob it, because that is what he was out there for. So if he had no compunction about whether or not he should rob it, I would conclude from what I have heard here that he must have, or that he did rob it. He certainly went out there to look at it for that purpose, he said so himself. That is the way I would calculate what transpired here, putting that together with the rest of the testimony. .

"Now you are the sole and exclusive judges of the facts. You make the determination as to what the facts are. You are not bound to follow anything I say at all, you can totally disregard anything I say, but I am entitled to express my opinion, and you can differ, and totally disregard it, because as I will tell you again, you are the sole and exclusive judges of the facts. But anyone who goes out and looks a bank over for the purpose of robbing it, and then admits that he robs it and then denies that he robbed it, I would conclude that he actually did rob it.

"All right, now again you being the sole and exclusive judges of the fact, it is up to you to make that determination."

We have recently considered jury instructions given in two California state criminal cases in which trial judges stated their opinions that the defendants were guilty beyond a reasonable doubt. Davis v. Craven, 485 F.2d 1138 (9th Cir. 1973); Gonsior v. Craven, 449 F.2d 20 (9th Cir. 1971). The judge in each case cautioned the jurors that they were the exclusive judges of fact and should exercise independent judgment in weighing the judicial comment. We found no error of constitutional dimension in either case.

In both *Gonsior* and *Davis* we considered United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933), the only Supreme Court decision brought to our attention that involved a jury instruction comparable to the one with which we are presently concerned. The Court affirmed the reversal of a conviction because of the instruction given, stating that a judge's power to express an opinion as to the guilt of the defendant exists, but that "it should be exercised cautiously and only in exceptional cases." 290 U.S. at 394, 54 S.Ct. at 225. Such an exceptional case exists "where upon the undisputed and admitted facts the defendant's voluntary conduct amounted to the commission of the crime defined by the statute." *Id.* The Court held in *Murdock* that since the evidence was in conflict as to one element of the crime, the judge's instruction, although tempered with a warning to the jury to act independently, was reversible error.

In *Gonsior,* we emphasized that *Murdock* was an appeal from a federal court conviction and that the Supreme Court did not base its decision on constitutional grounds "but obviously on its power to supervise procedures in the federal courts." 449 F.2d at 22. *Gonsior* and *Davis,* on the other hand, involved petitions for habeas corpus based on state convictions. We held that the jury instructions given in those cases were not errors of constitutional dimension and we refused to impose the *Murdock* rationale on the states.

The present case, as in *Murdock*, is an appeal from a federal conviction. Similarly, this is not that exceptional case where the evidence against defendant is so overwhelming that his guilt is virtually undisputed.

At the time of the bank robbery, defendant was an escapee from the Washington State Penitentiary. There was

evidence that he was involved in other criminal activity near the time and place of the robbery. The evidence of his involvement in this bank robbery, however, was far from overwhelming.

Perhaps the strongest evidence against defendant was his confession of the robbery to an FBI agent, a confession which he later repudiated. In addition, a bank employee recognized defendant as one who had been in the bank about the time of the robbery. His description of the clothing worn by defendant matched the description by one of the tellers of the clothing worn by the robber. However, neither the teller who was robbed, nor the one at the adjoining wicket, could identify defendant as the robber. Moreover, neither the handwriting on the demand note nor the fingerprints on the note were those of the defendant.

In light of the absence of overwhelming evidence of guilt, the judge's comments to the jury may well have tipped the scales against defendant, denying him the fair trial to which he was entitled. The instructions to the jurors advising them that they were not bound by his opinion were not sufficient in this case to cure the error.[1]

■ It is well settled that a judge presiding at a trial in federal court may make comments on the evidence. He must carefully avoid prejudging the defendant, however, concentrating instead on making a fair effort to clear unanswered issues and point out inconsistencies. Bursten v. United States, 395 F.2d 976, 982 (5th Cir. 1968). Judicial comments must be aimed at aiding the jury's fact finding duties, rather than usurping them.[2]

1. "It is well known, as a matter of judicial notice, that juries are highly sensitive to every utterance by the trial judge, the trial arbiter, and that some comments may be so highly prejudicial that even a strong admonition by the judge to the jury, that they are not bound by the judge's views, will not cure the error." Bursten v. United States, 395 F.2d 976, 983 (5th Cir. 1968).

2. We note that the American Bar Association Standards Relating to Trial by Jury, § 4.7 (1968), are in accord.

"4.7 Summary of and comment on evidence.

"(a) The court, at the time it instructs the jury, may summarize and comment on the evidence, provided the jury is clearly and unequivocally instructed that it is the exclusive judge of the facts, that it is to determine the weight of the evidence and the credibility of witnesses, and that it is not bound by the comments of the court.

"(b) The summary and comment permitted in subsection (a) is governed by the following principles:

"(i) The court may analyze the evidence, draw the attention of the jury to important portions of the evidence, and fairly and accurately summarize the contentions of both the prosecution and the defense.

"(ii) The court may not suggest a verdict of guilty or not guilty, nor may the

court directly express an opinion on the guilt or innocence of the defendant.

"(iii) The court may not present any item of evidence as a proven or undisputed fact unless the matter has ben affirmtively conceded or is the subject of judicial notice.

"(iv) The court may state the law and comment on matters in evidence bearing on the credibility of any witness, but not directly express an opinion that certain testimony is worthy or unworthy of belief."

Commentary:

"Section 4.7(b)(i) provides that 'the court may analyze the evidence' and 'draw the attention of the jury to important portions of the evidence.' This is substantially the language used by the Supreme Court in Quercia v. United States, 289 U.S. 466 [53 S.Ct. 698, 77 L.Ed. 1321] (1933) in defining and circumscribing the power to summarize and comment. Section 4.7(b)(i) also emphasizes that it is the responsibility of the court, in summarizing and commenting on the evidence, to ensure that he does not merely state the evidence of the prosecution or that of the defense. See Boatright v. United States, 105 F.2d 737 (8th Cir. 1939). It is the responsibility of the trial judge to fairly and accurately set forth the relevant evidence, both that which is favorable and that which is unfavorable to the accused. Byford v. United States, 185 F.2d 171 (10th Cir. 1950). His statements

**918**

We note that defense counsel took no exception to the instructions given here. A timely instruction could have come only after the instructions and admonitions to the jury. Since it could not have resulted in an additional, curative instruction, it would have served no useful purpose. The absence of such an exception does not foreclose our consideration of the instructions given. United States v. Woods, 252 F. 2d 334, 336 (2d Cir. 1958).

Reversed and remanded.

CHAMBERS, Circuit Judge (concurring):

I concur reluctantly. I think the implications of United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933), require me to do so.

KILKENNY, Circuit Judge (dissenting):

Appellant's reasons for the repudiation of his exceptionally detailed confession are so patently unbelievable that the *Murdock* guidelines should not apply. Certainly, the trial judge had a right to comment on the credibility of appellant's testimony in connection with the repudiation and to tell the jury that he did not believe him. Here, appellant either did or did not rob the bank. His confession contained all of the essential elements of the crime of bank robbery. In this type of a case, as distinguished from the tax offense presented in *Murdock*, the issue of willfulness is not involved. It is my firm conviction that a federal judge, in commenting on the evidence, should have at least as much authority as the state judge. See Davis v. Craven, *supra* and Gonsior v. Craven, *supra*. I would affirm.

must not be argumentative, but impartial and dispassionate. *Ibid.* The trial judge must exercise restraint and be careful to be

impartial in appearance as well as in fact. Holmes v. United States, 271 F.2d 635 (4th Cir. 1959."