Silas R. RICHARDSON, Petitioner,

v.

Walter T. STONE, Superintendent, Respondent.

No. C–76–777 LHB.

United States District Court, N. D. California.

Oct. 27, 1976.

# 578

Silas R. Richardson, pro se.

LLOYD H. BURKE, District Judge.

## ORDER

Petitioner, a state prisoner, is confined pursuant to a judgment following his conviction of a violation of California Penal Code section 187 (murder) in the first degree.[1] He has submitted a petition for writ of habeas corpus and contends (1) that statements taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were erroneously received in evidence at his trial, and (2) that the trial court erred in refusing a proposed instruction on malice. This Court concludes that petitioner is entitled to no relief on his claims.

The facts of petitioner's criminal activity are briefly stated as follows: Petitioner and his accomplice, who were both armed, forced their way into a San Francisco grocery store and during the course of an attempted robbery shot and killed the proprietor. Themselves wounded, the two returned to the accomplice's apartment, where the accomplice told his girl friend that there had been a shooting and petitioner confessed to shooting a man. Petitioner's girl friend later arrived at the apartment and was told by petitioner that he had shot a grocer but did not get anything.

Petitioner was subsequently arrested in New Orleans. Two police inspectors from San Francisco then went to New Orleans to pick petitioner up. After warning petitioner of his *Miranda* rights, the inspectors secured a statement from him. The next day, petitioner stated that he wished to make some corrections in his statement and he was allowed to do so in San Francisco after again being given the *Miranda* warnings. In the statements, which were both tape recorded, petitioner admitted to involvement in the incident. Petitioner's testimony at trial was also inculpatory.

Addressing petitioner's instructional claim first, the Court finds the issue not properly before it because (1) it does not present a federal question (see *Gonsior v. Craven*, 449 F.2d 20 (9th Cir. 1971)), and (2) although raised on appeal, it was not raised in the petition for hearing to the California Supreme Court, thus invoking the deliberate by-pass rule (see *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)). Moreover, the proposed instruction was properly refused as it was contrary to the concept of felony-murder as set out in California Penal Code section 189, i. e., all homicides committed in the perpetration of, or attempt to perpetrate, certain enumerated felonies, including robbery and burglary, are murders of the first degree. See *People v. Burton*, 6 Cal.3d 375, 99 Cal.Rptr. 1, 491 P.2d 793 (1971); *People v. Wilson*, 1 Cal.3d 431, 82 Cal.Rptr. 494, 462 P.2d 22 (1969); *People v. Johnson*, 38 Cal.App.3d 1, 112 Cal.Rptr. 834 (1974).

Petitioner's *Miranda* claim, that the statements made to the San Francisco Police were taken after he had indicated a desire to have the advice of counsel before making a statement, appears to have been raised and rejected in the state courts. This Court concludes therefore that based upon the recent decision of *Stone v. Powell*, —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), this issue is also not properly before it.

In *Stone* the Supreme Court did not deal with an alleged *Miranda* violation, but rather a Fourth Amendment claim. Its specific holding was "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the

---

1. Petitioner was also convicted and sentenced for violating California Penal Code se 'ions 664 (attempt to violate California Penal Code section 211 (robbery)) and 459 (burglary), but these sentences were stayed.

Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (Footnote omitted.) 96 S.Ct. at 3045–3046. The Supreme Court adhered to the view that the utility of the exclusionary rule's deterrent effect was outweighed by the costs of extending it from direct to collateral review of Fourth Amendment claims. 96 S.Ct. at 3046–3052. Although the Supreme Court stated that its decision was not concerned with the scope of the habeas corpus statute as authority for litigating constitutional claims generally (96 S.Ct. at 3052, fn. 37), this Court finds within the opinion support for a similar limitation on *Miranda* claims which do not question the reliability of a statement.[2]

In reaching its determination as to Fourth Amendment claims, the Supreme Court commented generally on the importance of a petitioner's innocence to the invocation of federal habeas corpus relief.[3] The Court found it significant that in the case of a typical Fourth Amendment claim asserted on collateral attack, a convicted petitioner is usually asking for a redetermination of an issue that has no bearing on the basic justice of his incarceration. 96 S.Ct. at 3050, fn. 31.

The same is true of petitioner's *Miranda* contention here. He makes no claim of innocence to supplement his constitutional claim. See Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 Chi.L.Rev. 142 (1970). On this

record he could hardly have done so; even without the assertedly inadmissible statements, the evidence of his guilt was conclusively proven.

■ This Court concludes that since petitioner had the opportunity for a full and fair litigation of his *Miranda* claim at trial and on direct review, and as the claim has no bearing on the basic justice of his incarceration, the serious intrusions on values important to our system of government call for it to forego the exercise of its federal power. The "prophylactic rules" of *Miranda* (see *Michigan v. Tucker*, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974)) should be considered safely entrusted to the fair and competent forums of the state trial and appellate courts so that federal collateral review is not required in cases of asserted violations. Cf. *Stone v. Powell, supra.*

■ Petitioner's *Miranda* claim also fails on the merits. A trial hearing disclosed that after being arrested in New Orleans, petitioner asserted his *Miranda* rights. Several days later, the two police inspectors from San Francisco arrived to pick him up. They were not aware that petitioner had refused to make a statement to the New Orleans Police. They advised him that they would like to have a statement from him. Petitioner said that he did not think that he would give them one and that he had talked to his brother about getting an attorney. The inspectors said that that was fine and that there was no problem with him not wanting to give a statement. Then peti-

---

2. However, since a confession produced after intimidation or coercive interrogation is inherently dubious and is essentially excluded on the basis of lack of reliability (*Stone v. Powell, supra*, 96 S.Ct. at 3053, Burger, C. J., concurring) such a statement would, of course, still be subject to collateral attack.

3. "Resort to habeas corpus, especially for purposes other than to assure that no innocent person suffers an unconstitutional loss of liberty, results in serious intrusions on values important to our system of government. They include '(i) the most effective utilization of limited judicial resources, (ii) the necessity of finality in criminal trials, (iii) the minimization of friction between our federal and state systems

of justice, and (iv) the maintenance of the constitutional balance upon which the doctrine of federalism is founded.' . . .

"We nevertheless afford broad habeas corpus relief, recognizing the need in a free society for an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty. The Court in *Fay v. Noia*, [372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)], described habeas corpus as a remedy for 'whatever society deems to be intolerable restraints,' and recognized that those to whom the writ should be granted 'are persons whom society has grievously wronged.' 372 U.S., at 401, 441, 83 S.Ct. 822." 96 S.Ct. at 3050, fn. 31.

tioner asked the inspectors to tell him what information they had about the case. He was briefly informed about some things and thereafter gave a statement after being advised pursuant to *Miranda*. The next day, petitioner requested to change his statement in certain respects and was permitted to do so after he was again given the *Miranda* warnings.

The state trial court ruled that there was no violation of *Miranda*, holding that petitioner voluntarily initiated the conversations by asking what the inspectors had in the case against him. The trial court thought this might be viewed as a case of "Curiosity killed the cat."

The California Court of Appeal agreed:

"Appellant contends that his statements were taken in violation of *Miranda* requirements in that he had indicated a desire to have the advice of counsel before making a statement (citing *People v. Randall* (1970) 1 Cal.3d 948, 954 [83 Cal.Rptr. 658], 464 P.2d 114). But the question whether a statement was taken in compliance with *Miranda* requirements is in the first instance a question of fact for determination by the trial court. There was evidence that the statements were initiated by appellant to induce the officers who were transporting him to tell him how much the police knew about his involvement in the robbery and killing."

This Court finds that petitioner's *Miranda* rights were "scrupulously honored" (see *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975)) and that the California courts correctly determined that the statements were admissible. Moreover, assuming *arguendo* that the challenged statements should have been excluded, the record clearly shows that any error in their admission was harmless beyond a reasonable doubt. See *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); see also *Smith v. Estelle*, 527 F.2d 430 (5th Cir. 1976). Aside from the in-custody statements, and even petitioner's inculpatory testimony at trial, the evidence against petitioner was overwhelming, particularly the in-court identification of him by an eyewitness to the killing, testimony from his accomplice's girl friend that he admitted to shooting a man, and testimony from his own girl friend that he told her he had shot a grocer but did not get anything.

For the foregoing reasons, it is hereby ordered that the petition for writ of habeas corpus is denied and the proceedings are dismissed.