**Danny Ray FOSSINGER, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden, Respondent—Appellee.**

No. 01–55454.

D.C. No. CV–97–02114–GHK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 3, 2002.

Before BEEZER and WARDLAW,

Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Danny Ray Fossinger ("Fossinger"), a California state prisoner, appeals the district court's denial of his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review the district court's denial of a § 2254 habeas petition de novo. *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir. 2000). Fossinger argues that the state trial judge made improper comments on the evidence to a deadlocked jury.

The California Court of Appeal rejected this claim on Fossinger's direct appeal of his state conviction.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, Fossinger is entitled to habeas relief only if the decision of the California Court of Appeal "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A state trial judge violates the federal Constitution if the judge makes comments that effectively deny a criminal defendant a trial by jury. *See Gonsior v. Craven*, 449 F.2d 20, 21 (9th Cir.1971). The trial judge can give comments and call the jury's attention to parts of the evidence so long as the comments neither distort the evidence nor add to it, and the judge reminds the jurors of their exclusive duty to determine facts. *Rodriguez v. Marshall*, 125 F.3d 739, 749 (9th Cir.1997). Com-

ments are improper if they coerce a verdict. *Jiminez v. Myers*, 40 F.3d 976, 979 (9th Cir.1993). We evaluate the trial judge's comments in the totality of the circumstances. *Rodriguez*, 125 F.3d at 748.

The state trial judge gave the jury an accurate summary of the evidence. Rather than express concrete opinions, the trial judge raised questions and highlighted facts that were probative of a witness's credibility. The jurors were not compelled to accept any conclusions but were repeatedly counseled that they "might consider," "might ask" or "may determine" the issues raised. The trial judge avoided showing partiality by focusing on witnesses from both sides and discussing evidence that bolstered as well as undermined the witnesses' credibility. The trial judge did not distort the evidence or add to it.

Our careful review of the record convinces us that the jurors were not coerced into a verdict. The comments about the evidence were balanced. Many of the comments were equivocal. The trial judge gave repeated admonishments that minimized any coercive effect the comments might have had. *See Davis v. Craven*, 485 F.2d 1138, 1142 (9th Cir.1973); *cf. Jiminez*, 40 F.3d at 981 (noting that failure to remind jury that it was exclusive arbiter of guilt "strongly supports the conclusion that the jury was impermissibly coerced"). The trial judge stressed that the comments were advisory and that the jury was the final arbiter of the credibility of a witness and could reject all or part of the comments. The trial judge also admonished the jury before, during and after

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

giving the comments that the jury was not compelled to come to a verdict and that the judge had no personal interest in how the verdict came out.

We conclude that the state trial judge's comments, viewed in the totality of the circumstances, did not invade the jury's province as factfinder and exclusive arbiter of guilt. The district court properly denied Fossinger's habeas petition.

AFFIRMED.