994 So.2d 412 (2008)
Bernard HILLS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1488.
District Court of Appeal of Florida, Third District.
October 22, 2008.
Bennett H. Brummer, Public Defender, and Colleen Brady Ward, Assistant Public Defender, for appellant.
*413 Bill McCollum, Attorney General, and Timothy R.M. Thomas, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., CORTIÑAS, J., and SCHWARTZ, Senior Judge.
GERSTEN, C.J.
Bernard Hills ("Hills") appeals his conviction and sentence for burglary and petit theft, alleging a defect in the verdict form. We reverse.
Hills was tried on two counts: count one for burglary of an unoccupied structure, and count two for petit theft. At the jury instruction charge conference, both sides agreed to the following verdict form:
VERDICT
We the jury, in Miami-Dade County, Florida, this ____ day of ______, ______, find the defendant, BERNARD HILLS, COUNT 1:
[] GUILTY OF BURGLARY TO AN UNOCCUPIED STRUCTURE.
[] GUILTY OF TRESPASS, as a lesser included offense.

[] GUILTY OF PETIT THEFT
[] NOT GUILTY
 So say we all,
 _____________________
 Foreperson
While instructing the jury, the trial judge noticed that the form did not separate the two counts. Therefore, the trial judge wrote in "COUNT 2" above the third box, guilty of petit theft. Apparently, no one noticed that count one did not have a box for the jury to mark "not guilty" on the burglary charge. The jury checked off the first box under "COUNT 1" and the first box under the written-in "COUNT 2."
On appeal, Hills asserts that the trial court fundamentally erred in submitting a verdict form that did not contain an option for not guilty on the burglary charge. The State, on the other hand, contends that there was no error. The State posits that if the jury had wanted to acquit the defendant on the burglary charge, it could simply have left both boxes under "COUNT 1" empty. We agree with Hills, and reverse and remand for a new trial.
Where there is a critical deficiency in the verdict process, a court cannot infer or assume the jury's interpretation. See Braley v. Gladden, 403 F.2d 858 (9th Cir. 1968). In Braley, as here, the trial court inadvertently failed to supply the jury with a form for a not guilty verdict. 403 F.2d at 859. The court reversed for a retrial, reasoning:
While it may not be unreasonable to assume that the jury inferred from the instructions that it might be empowered to write its own form of a verdict of not guilty, it is equally reasonable to assume that the jury inferred that the judge intended that only one verdict was possible, a verdict of guilty upon the one and only form which he supplied.
403 F.2d at 860.
Here, although the trial court orally instructed the jury that it could return a verdict of not guilty, the verdict form did not give the jury a clear option to find the defendant not guilty on the burglary charge. Additionally, the trial court instructed the jury that "[o]nly one verdict maybe[sic] returned as to ... each crime charged." Thus, we are not certain that the jury understood its options, authority, or responsibility on the burglary count. The jury could have been confused as to whether they could find the defendant not guilty on this count.
*414 Accordingly, we reverse and remand for a new trial on count one, burglary of an unoccupied structure.
Reversed and remanded for a new trial.