292 So.2d 677 (1974)
STATE of Louisiana
v.
Jerry W. STEWART.
No. 53965.
Supreme Court of Louisiana.
March 25, 1974.
*678 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Leander H. Perez, Jr., Dist. Atty., Charles H. Livaudais, Gilbert V. Andry, III, Asst. Dist. Attys., for plaintiff-appellee.
Richard A. Tonry, Tonry, Mumphrey & Dragon, Chalmette, for defendant-appellant.
DIXON, Justice.
Defendant was tried under a bill of information charging him with distribution of L.S.D. to one under eighteen years of age who was at least three years his junior. R.S. 40:976. Defendant was convicted after trial before a jury of possession of L.S.D. and was sentenced to serve seven years at hard labor.
The record contains no perfected bills of exceptions. Defense counsel has presented a motion to remand to this court in order that bills may be filed.
On May 29, 1973 the trial court granted defendant's motion for appeal. The return date was July 16, 1973. Numerous extensions of the date were granted in order to permit the clerk to complete the transcript. The last extension granted set October 12, 1973 as the return date. On September 20, 1973, prior to the return date, the appeal was lodged in this court. On the same date the clerk of this court notified the defendant by mail that the appeal had been so lodged. Defense counsel took no action until January 7, 1974 when the motion to remand was filed.
The defendant had until October 12, 1973 to either file his formal bills of exceptions with the trial court or to seek additional time in which to perfect his bills. C.Cr.P. 845, 916, 919. He failed to do either. The motion to remand is without merit. Our review in this case is limited to errors discoverable by an inspection of the pleadings and proceedings. C.Cr.P. 920.
The minute entries indicate that the defendant was tried by a five man jury. Defendant contends he was entitled to be tried by a twelve man jury. We will consider this contention since it is discoverable by a mere inspection of the pleadings and proceedings. See, State v. Luquette, 275 So.2d 396 (La.1973).
At the time of the commission of the offense charged, R.S. 40:976, as amended by Act 59 of 1971, controlled. This provision provides for imprisonment at hard labor or for the imposition of a fine or both.
*679 C.Cr.P. 782 provides in pertinent part:
"Cases in which the punishment is necessarily at hard labor shall be tried by a jury composed of twelve jurors, nine of whom must concur to render a verdict. Cases in which the punishment may be imprisonment at hard labor, shall be tried by a jury composed of five jurors, all of whom must concur to render a verdict."
In State v. Rabbas, 278 So.2d 45 (La. 1973), we held a penalty provision which permits imposition of a prison sentence at hard labor or a fine or both does not mandate punishment necessarily at hard labor, and that such a case is properly tried before a five man jury. Rabbas dealt with R.S. 40:971(b)(2) (as amended by Act 457 of 1970); however, it is equally applicable to a prosecution under R.S. 40:976 (as amended by Act 59 of 1971).
Defendant's contention is without merit. He was properly tried before a five man jury.
Defendant urges there is error patent on the face of the record in that the verdict is not responsive to the crime charged. As stated above, the defendant was charged with distribution of L.S.D. to a person under eighteen years of age. He was convicted of simple possession of L.S.D.
C.Cr.P. 815 provides:
"In all cases not provided for in Article 814, the following verdicts are responsive:
"(1) Guilty;
"(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
"(3) Not Guilty."
A lesser included offense is one composed of some, but not all, of the elements of the greater crime, and which does not have any element not included in the greater offense. 5 La.L.Rev. 603 (1944). In the instant case if possession is a necessary element of distribution then a verdict of guilty of simple possession is responsive to the crime charged.
The essence of distribution of a controlled dangerous substance is the transfer, either actual or constructive, of such a substance. See R.S. 40:961(9), (13) (as amended by Act 457 of 1970).
"A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control." State v. Smith, 257 La. 1109, 245 So.2d 327, 329 (1971). See also, United States v. Stephenson, 474 F.2d 1353 (5th Cir. 1973).
We fail to see how one can transfer a substance to another person without exercising dominion or control over it. Possession, either actual or constructive, is a necessary part of distribution.
We find that possession of a controlled dangerous substance is a lesser offense included within the crime of distribution and is properly a responsive verdict to such a charge.
We note that the defendant was sentenced to serve seven years at hard labor. This sentence exceeds the maximum permitted by statute. R.S. 40:971 (as amended by Act 457 of 1970).
For the reasons assigned the conviction is affirmed and the case is remanded for resentencing in accordance with law.
BARHAM, J., dissents with written reasons.
CALOGERO, J., dissents and assigns reasons.
BARHAM, Justice (dissenting).
I am of the opinion that the majority errs in failing to find the verdict of "possession" *680 non responsive and reversible error. Defendant's contention is that a verdict of guilty of simple possession is not responsive to a charge of distribution of a controlled dangerous substance. The particular part of the legislative act upon which the bill of information is based defines not one, but eight separate crimes. Made criminal are the following knowing and intentional acts concerning controlled dangerous substances: (1) production; (2) manufacture; (3) distribution; (4) dispensing; (5) possession with intent to produce; (6) possession with intent to manufacture; (7) possession with intent to distribute; and (8) possession with intent to dispense. The first four acts made criminal have no requirement of possession in the actor as an element of the offense. To the contrary, the last four have the specific requirement of possession as an essential element of the crimes.
In another part of the same section of the act, knowing and intentional simple possession of a controlled dangerous substance is made criminal. Code of Criminal Procedure Article 814 does not set forth the verdicts responsive to a charge of distribution of a controlled dangerous substance. We are therefore required to look to Code of Criminal Procedure Article 815, which provides: "In all cases not provided for in Article 814, the following verdicts are responsive: (1) Guilty; (2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or (3) Not Guilty."
The Legislature chose, in drafting this act, to make each one of the eight crimes heretofore mentioned separate crimes of equal dignity. All eight of these crimes were made to carry the same penalty. Since each of these crimes is a separate and distinct offense, no two or more of their number may be conjunctively charged. C.Cr.P. Art. 493. Nor may any of these crimes be charged as a responsive verdict in a prosecution for one of them, since Code of Criminal Procedure Article 815 requires that a responsive verdict be a lesser and included grade of the offense charged. By clear legislative action, all of these charges are prevented from being lesser grades of any offense charged under this part of the act.
Simple possession, however, is proscribed in a separate section of the act. Since it is not a crime which carries an equal penalty, and since it is described in a different section of the act, it may be a responsive verdict if it meets the requirements of Code of Criminal Procedure Article 815 that it be a "lesser and included grade of the offense". The definition of the terms "distribute" and "distribution" under the act which formed the basis for defendant's prosecution was: "`Distribute' means to deliver a controlled dangerous substance. `Distributor' means a person who delivers a controlled dangerous substance." That same act describes the terms, "deliver" and "delivery", as follows: "`Deliver' or `Delivery' means the actual constructive or attempted transfer of a controlled dangerous substance whether or not there exists an agency relationship." "Agent" is defined as follows: "`Agent' means an authorized person who acts on behalf of or at the direction of a manufacturer, distributor, or dispenser but does not include a common or contract carrier, public warehouseman, or employee thereof."
It appears from an examination of the terms defined above that the crime of distribution of a controlled dangerous substance could be committed by an individual acting in the capacity of a broker or middleman without that individual ever having any type of possession, control or dominion over the substance being distributed. Since this is the case, possession of a controlled dangerous substance is not an essential ingredient of the crime of distribution and so cannot legally be a responsive verdict in a prosecution for distribution. The Legislature wisely envisioned that those participating in illegal drug traffic might find protection under a particular legal status and provided that accountability *681 for distribution of illegal drugs depends upon a direct involvement in the trafficking of drugs without regard to whether there exists control, possession or dominion. "Possession with intent" to participate in drug traffic is made a specific and separate class of criminal activity where possession is a very essential element of the crime. The distinction has been drawn by the Legislature and is supported by reason.
Having determined that the verdict is illegal, not responsive to the crime charged in the bill of information, we should set aside the conviction and sentence.
I respectfully dissent.
CALOGERO, Justice (dissenting).
Defendant's motion to remand so that his bills of exception could be perfected should have been granted.