BARHAM, Justice
(concurring).
While I am unable to subscribe to much of the language contained in the majority opinion, I concur in the affirmance of this defendant’s conviction and sentence.
Bills of Exceptions Nos. 9 through 19 present palpable error. The defendant has attempted to rebut the presumption of guilty knowledge which arises when one flees from the scene of arrest. He stated that he fled not because he feared arrest for criminal activity but rather because he feared that he would be physically harmed by the informant. He alleged that this fear was based upon his knowledge that the informant had cut the throats of several people on prior occasions. The defendant had the right to support his defense and establish the state of mind that caused him to flee. The witnesses he produced would have testified, had they been permitted, that the informant had cut at least two people, and such evidence would have been admissible. However, a reading of the record can support a finding that the trial judge knew and believe that the informant, Abercrombie, was a dangerous man and that it therefore was unnecessary in a trial before the judge alone to present other evidence on the issue. I was at first inclined to dissent because, although this is a judge trial, another indictment which arises out of the same offense and which requires a trial by jury is pending against this defendant. I would certainly require reversal if this error occurred before a jury. However, for the reasons hereinafter assigned, I am now convinced that the defendant cannot be brought to trial on the second indictment. Consequently, we need not reach a contrary result since this is the only conviction of the defendant which could be valid as to this criminal behavior.
I note that under Bill of Exceptions No. 6 the majority approves the introduction of evidence of the defendant’s distribution of marijuana as res gestae in this possession prosecution. The majority has stated: “The sale constituted an event coterminous with defendant’s possession and thus is admissible as res gestae.”
Therefore, since the distribution as to which evidence was received is the subject of a bill of information which the State may plan to use in further prosecution of this defendant, I feel compelled to state that I would view further prosecution of this defendant under the bill charging distribution as violative of the prohibition against double jeopardy contained in the Louisiana and United States Constitutions. The State presented evidence that the de *480 fendant in this case possessed marijuana which was distributed to their informant and that he also possessed some marijuana in the jacket he wore at the time of arrest immediately after the alleged act of distribution. We must consider that the possession of the marijuana which was distributed formed the basis upon which this conviction for possession rests.
La. C.Cr.P. art. 596 provides that double jeopardy exists:
“ * * * in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial.”
The majority of this Court has determined that possession of a controlled dangerous substance is a lesser and included grade of the crime of distribution. See State v. Stewart, 292 So.2d 677 (La.1974). In the case of this defendant, the charge upon which a second trial would be based, that is, the charge of distribution, is a different grade of the same offense for which he was in jeopardy in the first trial for possession. This is so even though there was evidence of an independent possession, apart from that which was the subject of the distribution, because this Court cannot inquire into or discern the evidentiary basis for the trial court’s judgment of conviction of this defendant.
I respectfully concur.