307 So.2d 342 (1975)
STATE of Louisiana
v.
Lindy CRADDOCK.
No. 55313.
Supreme Court of Louisiana.
January 20, 1975.
Rehearing Denied February 21, 1975.
Lyall G. Shiell, Jr., John M. Lawrence, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrique, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Judge.
The defendant was charged by Bill of Information with the violation of R.S. 40:966(A), distribution of marijuana. He was found guilty as charged after a trial by jury and was sentenced to nine years imprisonment. He has appealed his conviction and sentence, relying upon an alleged error discoverable by a mere inspection of the pleadings and proceedings and *343 without inspection of the evidence as no Bills of Exceptions were perfected nor, as is directed by the 1974 amendment to Article 920, any Assignment of Errors designated. La.C.Cr.P. Art. 920.
Defendant submits that a sheet bearing three responsive verdicts,[1] (as well as twelve juror signatures and the handwritten verdict notation "guilty as charged") indicates that four additional responsive verdicts[2] were not charged to the jury and that this failure to charge the additional responsive verdicts is error discoverable under Article 920(2). It has been settled that if the error complained of is discoverable under Article 920(2), the failure to object does not operate as a waiver of that error. State v. Raby, 259 La. 909, 253 So.2d 370 (1971), City of Baton Rouge v. Van Valkenburg, 259 La. 23, 249 So.2d 189 (1971), State v. Carter, 226 La. 281, 76 So.2d 6 (1954).
Some illustrative examples of the record for error discoverable purposes are the caption, a statement of time and place of holding the court, the indictment or information with the endorsement, the arraignment, the plea, mention of the impaneling of the jury, verdict and judgment of the court, State v. Sanford, 248 La. 630, 181 So.2d 50 (1965); the bill of particulars filed in connection with a short form indictment or information, State v. Picou, 236 La. 421, 107 So.2d 691 (1959); in capital cases the minutes must reflect that the jury has been sequestered as required by La.C.Cr.P. Art. 791, State v. Luquette, 275 So.2d 396 (La.1973), State v. Hunter, 306 So.2d 710 (La.1975).
The verdict is normally placed, as required by statute, on the reverse of the list of responsive verdicts given the jury. La. C.Cr.P. Arts. 809, 810. However, mere presence in the record transmitted to this Court is not sufficient, by itself, to allow this Court to review for error under Article 920(2). State v. Sanford, supra; State v. Wilson, 247 La. 405, 171 So.2d 664 (1965); State v. Bickham, 236 La. 244, 107 So.2d 458 (1958); and State v. Daleo, 179 La. 516, 154 So. 437 (1934).
Absent an objection, the defendant may not on appeal complain of the judge's charge to the jury, even though the charge may happen to appear in the record. State v. Chaney, 273 So.2d 259 (La.1973); State v. Bueche, 243 La. 160, 142 So.2d 381 (1962); State v. Bickham, supra; State v. Stracner, 190 La. 457, 182 So. 571 (1938); State v. Daleo, supra; State v. Marqueze, 45 La.Ann. 41, 12 So. 128 (1893); and comment e to La.C.Cr.P. Art. 841.
State v. Daleo explained "it is not considered proper that the defendant should be permitted to sit idly by while the judge is making an erroneous charge to the jury, take his chances upon the verdict, and, if against him, then by assignment of error or motion in arrest take advantage of it." 179 La. at 527, 154 So. at 441.
We hold that alleged error concerning the sufficiency of the list of responsive verdicts given the jury, like error in the judge's charge to the jury, is not reviewable under Art. 920(2) and may not be considered unless objection is made in the trial court in time for the trial judge to correct the error.
We have reviewed the record for error discoverable by a mere inspection of the pleadings and proceedings and find none. Therefore it is ordered that defendant's conviction and sentence be affirmed.
BARHAM, J., dissents with reasons.
MARCUS, J., dissents.
BARHAM, Justice (dissenting).
I respectfully dissent. In my opinion, error concerning the sufficiency of the list *344 of responsive verdicts given the jury is reviewable as a part of the pleadings and proceedings under La.C.Cr.P. art. 920(2). In accordance with that belief, it is my opinion that failure on the part of the defense to object to the list of responsive verdicts submitted to the jury did not constitute a waiver of the error. See State v. Raby, 259 La. 909, 253 So.2d 370 (1971); City of Baton Rouge v. Van Valkenburg, 259 La. 23, 249 So.2d 189 (1971).
In the case before us, the responsive verdicts submitted to the jury listed three responsive verdicts to the charge of distribution of marijuana, i. e., (1) guilty as charged; (2) guilty of attempted distribution of a controlled dangerous substance, to-wit, marijuana; and (3) not guilty. In State v. Stewart, 292 So.2d 677 (La.1974), this Court held that there are seven responsive verdicts possible to a charge of distribution of a controlled dangerous substance, the other four being: (1) possession with intent to distribute; (2) attempted possession with intent to distribute; (3) possession; and (4) attempted possession. In Stewart, the defendant urged that there was error patent on the face of the record in that the verdict, guilty of possession of L.S.D., was not responsive to the crime charged, distribution of L.S.D. to one under eighteen years of age who was at least three years his junior. The Court held that possession of a controlled dangerous substance is a lesser offense included within the crime of distribution and "is properly a responsive verdict to such a charge." 292 So.2d at 679.
In my opinion, this defendant was seriously prejudiced by the failure of the court to include the lesser included offenses of the crime charged in its list of responsive verdicts submitted to the jury. Moreover, I believe that this error was error discoverable from the pleadings and proceedings for the following reasons. La.Code of Criminal Procedure Article 809 provides:
"After charging the jury, the judge shall give the jury a written list of the verdicts responsive to each offense charged, with each separately stated. The list shall be taken into the jury room for use by the jury during its deliberation." (Emphasis here and elsewhere supplied).
La.Code of Criminal Procedure Article 810 further provides:
"When a verdict has been agreed upon, the foreman shall write the verdict on the back of the list of responsive verdicts given to the jury and shall sign it. * * *"
Thus the verdict must be placed on the back of the list of responsive verdicts because that is what the Code of Criminal Procedure requires. The jury cannot reach a verdict that is not included in the list of responsive verdicts given to them, so it is not possible for them to find a defendant guilty of a lesser included offense, which of course would carry a lesser penalty, if the judge has failed to include that offense among the possible verdicts on the list which the jury takes with them. See La.C.Cr.P. arts. 313, 314.
For these reasons, I firmly believe that the list of responsive verdicts is the very foundation of the verdict, and is an essential part thereof; and of course the verdict is the very basis of the sentence. It is well established that the verdict is part of the pleadings and proceedings reviewable by an appellate court under La.C.Cr.P. art. 920(2). See, e. g., State v. Comeaux, 277 So.2d 647 (La.1973); State v. Romero, 152 La. 728, 94 So. 370 (1923). Since the list of responsive verdicts is an integral and essential part of the verdict itself, in my opinion it is also reviewable under La.C. Cr.P. art. 920(2).
In my opinion, the defendant's conviction and sentence should be reversed and remanded for further proceedings in accordance with the views I have set forth above. I must dissent from the majority's affirmance.
NOTES
[1] 1) Guilty as charged; 2) guilty of attempted distribution of a controlled dangerous substance, to wit, marijuana; and 3) not guilty.
[2] 1) Possession with intent to distribute; 2) attempted possession with intent to distribute; 3) possession and; 4) attempted possession.