# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 2, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

135615

FAROOK MANSOUR,
        Plaintiff-Appellee,

v

AZ AUTOMOTIVE CORPORATION, f/k/a
AETNA INDUSTRIES, INC.,
        Defendant-Appellant.

SC: 135615
COA: 277570
WCAC: 05-000284

_____/

By order of October 10, 2008, the application for leave to appeal the December 4, 2007 order of the Court of Appeals was held in abeyance pending the decision in *Petersen v Magna Corp* (Docket Nos. 136542-43). On order of the Court, the case having been decided on July 31, 2009, 484 Mich 300 (2009), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I respectfully dissent from the order denying defendant's application for leave to appeal. Because the split decision in *Petersen v Magna Corp*, 484 Mich 300 (2009), failed to provide a workable standard concerning the circumstances under which a magistrate "may" prorate attorney fees, I would remand this case to the Court of Appeals to consider defendant's argument that the award of an attorney fee on unpaid medical benefits was erroneous.

MCL 418.315(1) provides that "[t]he worker's compensation magistrate may prorate attorney fees at the contingent fee rate paid by the employee." In *Petersen*, a majority of this Court merely agreed on the result: workers' compensation magistrates may prorate attorney fees among employers and their insurance carriers. The five opinions did not offer a controlling rationale. Moreover, the five separate opinions in *Petersen* do not establish a standard agreed on by a majority of justices under which workers' compensation magistrates may exercise their discretionary authority in the first instance. *Petersen* merely tells us that a magistrate "may prorate" attorney fees but that

an award is not automatic. See *Petersen, supra* at 309 (opinion of Kelly, C.J.) ("Hence, magistrates are allowed to award attorney fees, but they are not required to do so."). Consequently, *Petersen* does not explain how magistrates could abuse their discretion in awarding attorney fees, much less specify how magistrates may exercise their discretion.

In MCL 418.315(1), the Legislature differentiated between magistrates' discretionary authority to prorate attorney fees and their mandatory duty to order reimbursement for reasonable medical expenses that an employer fails, neglects, or refuses to pay. See MCL 418.315(1) ("If the employer fails, neglects, or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by the employee, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the worker's compensation magistrate."). Accordingly, MCL 418.315(1) mandates reimbursement for medical bills that the employer does not pay. In contrast, the award of attorney fees under MCL 418.315(1) is discretionary. Because the award of attorney fees is a discretionary determination, magistrates presumably must make some additional finding before exercising their authority. Yet, neither *Petersen* nor the statutory language assists a workers' compensation magistrate in determining whether to exercise that discretionary authority in a given case.

The dearth of guidance from this Court concerning the standard under which a magistrate may exercise discretion under MCL 418.315(1) will continue to confound members of the bench and bar. In this case, for example, defendant argues that it did not immediately pay medical bills for disc surgery to plaintiff's back because defendant reasonably questioned whether the surgery was related to plaintiff's compensable, work-related back injury, which was merely a back strain. *Peterson* does not establish whether, and under what circumstances, attorney fees are appropriate when a defendant contests his duty to pay a bill that appears unrelated to the compensable injury. Perhaps most significantly, defendant observes that the magistrate made no findings with regard to the attorney fee issue, but simply awarded a fee on the basis of plaintiff's request and the fact that the bills went unpaid for an undetermined amount of time. It would seem that some amount of explicit fact-finding was necessary for the magistrate to properly exercise her discretion in awarding a fee.

Because *Petersen* failed to resolve these issues, I would remand this case to the Court of Appeals for reconsideration of defendant's argument that the award of an attorney fee on unpaid medical benefits was erroneous. Specifically, I would order the Court of Appeals to consider whether the workers' compensation magistrate made sufficient findings and offered adequate analysis to show that she engaged in a proper exercise of discretion in requiring defendant to pay attorney fees under MCL 418.315(1). See *Petersen, supra* at 310, 335-336. Moreover, I would ask the Court of Appeals to address defendant's argument that the magistrate erred by awarding attorney fees on medical bills where defendant contested whether the services addressed plaintiff's work-

related injury, and thus whether payment was actually owed by defendant. Unless this Court or the Court of Appeals clarifies the standard under which a magistrate may exercise discretion, the award of attorney fees under MCL 418.315(1) will become automatic. Plainly, the Legislature did not authorize the automatic assessment of attorney fees.

Accordingly, I would remand this case to the Court of Appeals to consider defendant's argument that the award of an attorney fee on unpaid medical benefits was erroneous.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 2, 2009

_____
Clerk