# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE
NEWS RELEASE #009

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **6th day of March, 2026** are as follows:

**BY Guidry, J.:**

2024-K-00761      STATE OF LOUISIANA  VS.  MICHAEL STEVEN WHITE (Parish of St. Tammany)

CONVICTIONS AND HABITUAL OFFENDER ADJUDICATION REVERSED; SENTENCES VACATED; AND REMANDED. SEE OPINION.

Weimer, C.J., concurs in part, dissents in part and assigns reasons.
Griffin, J., concurs in the result and assigns reasons.

## SUPREME COURT OF LOUISIANA

## No. 2024-K-00761

## STATE OF LOUISIANA

## VS.

## MICHAEL STEVEN WHITE

On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of St. Tammany

**GUIDRY, J.**

We granted certiorari in this case to consider whether the failure to include a responsive verdict of "not guilty" on the written verdict form provided to the jury to record its verdict is reversible error.

### FACTS AND PROCEDURAL HISTORY

Deputies with the St. Tammany Parish Sheriff's Office were dispatched to J & J Automotive after the owner called 9-1-1 to report that someone had been seen inside one of the cars at his car lot. It was approximately 10:30 p.m. at night. On arriving at the car lot, deputies found the defendant, Michael Steven White. Deputies also observed that the doors and hoods of several vehicles were open. The defendant admitted opening the doors of some of the vehicles and initially explained that he was "[s]eeing if he [could] use anything to strip or buy, flip, and sell" and later claimed he was looking for a replacement vehicle for his mother.

The State charged the defendant with six counts of simple burglary, which were tried before a six-person jury. The trial court instructed the jurors that they could either find the defendant guilty of simple burglary, guilty of attempted simple burglary, or not guilty on each of the six counts. The written verdict form provided to the jury to record its vote, however, listed the responsive verdicts as: guilty of simple burglary, guilty of attempted simple burglary, and guilty. The court

instructed the jury foreperson to write the jury's verdict as to each count on the back of the list of responsive verdicts and return the verdict form in open court.

The jury found the defendant "guilty" on all six counts. As a fourth-felony offender, the defendant was sentenced to 20 years on each count, with each sentence to be served concurrently and without the benefit of probation or suspension of sentence.

The defendant appealed, asserting that the evidence was insufficient to support his convictions and further claiming reversible error "patent on the face of the record" due to the omission of a "not guilty" responsive verdict on the written verdict form provided to the jury. The court of appeal found the evidence sufficient to sustain the defendant's convictions. State v. White, 23-0878, p. 9 (La. App. 1st Cir. 6/4/24), 391 So. 3d 722, 729. And despite finding the failure to provide a "not guilty" responsive verdict on the written verdict form to be "a particularly egregious omission," the appellate court rejected the defendant's claim that the omission was patent error, citing State v. Craddock, 307 So. 2d 342 (La. 1975). White, 23-0878 at p. 11, 391 So. 3d at 730. The appellate court further found that because the trial court orally instructed the jurors they could return a "not guilty" verdict if they were not convinced beyond a reasonable doubt of the defendant's guilt, the omission of a "not guilty" responsive verdict on the written verdict form was not a structural error that violated the fundamental requirements of due process. Therefore, the appellate court upheld the defendant's convictions. White, 23-0878 at p. 12, 391 So. 3d at 730-31.

The defendant thereafter filed a writ application with this court seeking review of the appellate court's ruling with respect to the omission of a "not guilty" responsive verdict being listed on the written verdict form. We granted the writ application to consider that issue. See State v. White, 24-00761 (La. 10/7/25), 419 So. 3d 1293.

2

## DISCUSSION

Despite finding the omission of a "not guilty" responsive verdict on the written verdict form to be "a particularly egregious omission" and "troubling," the court of appeal felt constrained by this court's ruling in Craddock to find that the error was not reviewable on appeal based on the defendant's failure to object to the omission in the trial court.[1] The defendant argues that Craddock does not control because it did not involve the omission of a "not guilty" responsive verdict on the verdict form. The State, on the other hand, invites us to overturn Craddock and find the error reviewable as patent error under La. C. Cr. P. art. 920,[2] despite the defendant's failure to raise a contemporaneous objection to the omission in the trial court. We granted a motion from the Louisiana Attorney General to file an amicus brief and to share a portion of the time allotted to the State for oral arguments in this case. In both her amicus brief and arguments to this court, the Attorney General urges us to uphold Craddock and find the omission of a "not guilty" responsive verdict was merely a trial error that the defendant waived when he failed to contemporaneously object to the omission in the trial court. See La. C. Cr. P. art. 841(A).[3]

In Craddock, the defendant was charged with distribution of marijuana. The written verdict form provided to the jury listed the following as responsive verdicts

---

[1] As explained by the appellate court, "As a court of appeal, we are bound to follow the decisions of the Louisiana Supreme Court. The holding in Craddock is unequivocal. A different interpretation of Craddock and its progeny, or a narrowing of the rule, is necessarily left to the Louisiana Supreme Court." White, 23-0878 at p. 12, 391 So. 3d at 731.

[2] That code article states, in relevant part, "[t]he following matters and no others shall be considered on appeal: ... An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La. C. Cr. P. art. 920(2).

[3] That code article provides:

> An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.

3

to the charged offense: guilty as charged; guilty of attempted distribution of a controlled dangerous substance, to wit, marijuana; and not guilty. Craddock, 307 So. 2d at 343 n.1. However, at the time of the defendant's trial, jurisprudence provided four additional responsive verdicts for the charged offense that were not listed on the written verdict form.[4] The jury found the defendant guilty as charged. Craddock, 307 So. 2d at 342.

The defendant appealed, contesting the trial court's failure to include all possible responsive verdicts on the written verdict form, although he did not object to the failure in the trial court. Observing such, this court held, "alleged error concerning the sufficiency of the list of responsive verdicts given the jury, like error in the judge's charge to the jury, is not reviewable under [La. C. Cr. P. art.] 920(2) and may not be considered unless objection is made in the trial court in time for the trial judge to correct the error." Craddock, 307 So. 2d at 343.

Louisiana law provides that "[a]fter charging the jury, the judge shall give the jury a written list of the verdicts responsive to each offense charged, with each separately stated. The list shall be taken into the jury room for use by the jury during its deliberation." La. C. Cr. P. art. 809. According to La. C. Cr. P. art. 814(A)(50), the following are the statutorily authorized responsive verdicts to a charge of simple burglary:

> Guilty.
> Guilty of attempted simple burglary.
> Guilty of unauthorized entry of a place of business.
> Guilty of attempted unauthorized entry of a place of business.
> Not guilty.

The written verdict form provided to the jury at the defendant's trial excluded the responsive verdicts of "guilty of unauthorized entry of a place of business," "guilty

---

[4] The four additional responsive verdicts were possession with intent to distribute, attempted possession with intent to distribute, possession, and attempted possession. Craddock, 307 So. 2d at 343 n.2. The dissent noted that at the time, jurisprudence held there were seven responsive verdicts to a charge of distribution of a controlled dangerous substance, citing State v. Stewart, 292 So. 2d 677 (La.1974). Craddock, 307 So. 2d at 344 (Barham, J., dissenting).

4

of attempted unauthorized entry of a place of business," and "not guilty." However, Paragraph C of Article 814 states:

> Upon motion of the state or the defendant, or on its own motion, the court shall exclude a responsive verdict listed in Paragraph A if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense. [5]

See also State v. Wright, 36,635, p. 11 (La. App. 2d Cir. 3/7/03), 840 So. 2d 1271, 1279 ("The trial court may exclude one of the responsive verdicts listed in Article 814, but it cannot add to their number."). As recognized by the United States Supreme Court in Hopper v. Evans, 456 U.S. 605, 611, 102 S.Ct. 2049, 2053, 72 L.Ed.2d 367 (1982):

> [D]ue process requires that a lesser included offense instruction be given when the evidence warrants such an instruction. But due process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction. The jury's discretion is thus channelled so that it may convict a defendant of any crime fairly supported by the evidence.

Notably, while Article 814(C) allows for the exclusion of a responsive verdict that is an "offense," the responsive verdict of "not guilty" is not an offense but instead represents the acquittal of an offense. Thus, while Article 814(C) provides an exception to the requirement of Article 809 that "the judge shall give the jury a written list of the verdicts responsive to each offense charged," our research reveals that the exception provided in Article 814(C) to exclude responsive verdicts has only been applied to responsive offenses. See, e.g., State v. Taylor, 34,096, pp. 12-14 (La. App. 2d Cir. 12/15/00), 774 So. 2d 379, 386-87, writ denied, 01-0312 (La. 12/14/01), 803 So. 2d 984; State v. Williams, 632 So. 2d 351, 359-60 (La. App. 1st Cir. 1993),

---

[5] The legislative intent of Paragraph C is to allow an instruction on a lesser offense and to have the jury convict of that lesser offense, rather than of the offense charged, even though a reasonable juror might have been persuaded to convict of the offense charged on the same evidence. "Paragraph C was not intended to alter that result, but only to require deletion of a responsive verdict which is not supported by the evidence." State v. Porter, 93-1106, pp. 11-12 (La. 7/5/94), 639 So. 2d 1137, 1144.

writ denied, 94-1009 (La. 9/2/94), 643 So. 2d 139; State v. Jones, 516 So. 2d 396, 400 (La. App. 5th Cir. 1987); cf. La. C. Cr. P. art. 803 ("When a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty under the provisions of Article 814 or 815, the court shall charge the jury as to the law applicable to each offense.").

Except for this case, we have found no other Louisiana case that involves the exclusion of an acquittal or "not guilty" responsive verdict on the written verdict form. Which begs the question, should the omission of a responsive verdict of acquittal or "not guilty" be treated differently than the omission of a responsive verdict of another offense? As the responsive verdict of "not guilty" is the embodiment of the presumption of innocence that is not only a fundamental element of due process but a bedrock of our constitutional rights under our state and national constitutions, see U.S. Const. Amends. 5 and 14; La. Const. art. I, §§ 2 and 16, we answer that question in the affirmative. In so responding, we find Craddock inapplicable, as that case did not involve the exclusion of a "not guilty" responsive verdict. However, despite finding Craddock inapplicable, we must nonetheless consider whether the error at issue—the failure to include a "not guilty" responsive verdict on the written verdict form provided to the jury—warrants review of the error in the absence of a contemporaneous objection as mere patent error subject to harmless error review or as structural error not subject to harmless error review and automatically entitling the defendant to a new trial.

Clearly, the error in this case is "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."[6] See La. C. Cr. P. art. 920(2). Hence, the issue, without question, is

---

[6] Historically, the pleadings and proceedings considered part of the record for purposes of patent-error appellate review generally include the indictment or information, the arraignment, the plea of the accused, the impanelling of the jury, *the verdict*, and the judgment. See State v. Oliveaux, 312 So. 2d 337, 339 (La.1975).

reviewable as patent error. Conversely, we find that although the error in the verdict form appears to impinge upon the defendant's constitutional right under the Sixth Amendment to a fair trial before an impartial jury, as hereinafter explained, we find the error is not of the nature of a structural error.

"Just because a constitutional error took place at trial does not necessarily mean a new one must be held. Even constitutional errors are sometimes subject to a 'harmless-error' rule and do not require a new trial if the prosecution can show 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" Pitts v. Mississippi, 607 U.S. ___, ____, 146 S.Ct. 413, 417, 223 L.Ed.2d 151 (2025) (quoting Chapman v. California, 386 U.S. 18, 23-24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)). While not all constitutional errors will require a reversal of a conviction, errors that "are structural defects in the constitution of the trial mechanism, which defy analysis by 'harmless-error' standards," will entitle a defendant to a new trial. See Arizona v. Fulminante, 499 U.S. 279, 309, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). Such structural errors are viewed as "affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." Fulminante, 499 U.S. at 310, 111 S.Ct. at 1265. Hence, structural errors are errors that infect the entire trial process, necessarily render a trial fundamentally unfair, and deprive defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair." Neder v. United States, 527 U.S. 1, 8-9, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999).

Herein, the error is not such that it can be said to have infected the entire trial process. From the beginning of the trial up until the verdict form was provided to the jury, the defendant remained fully cloaked in his presumption of innocence. It was not until the faulty verdict form was presented to the jury that the cloak was

7

presumed to have been prematurely removed. But the suspected removal happened to coincide with the jury's retirement to deliberate, at which time the cloak may just as well have been removed by the jury's assessment of the evidence presented at trial.[7] If the jury indeed found that the State met its burden of proving the defendant's guilt beyond a reasonable doubt, the cloak of presumed innocence would have been removed in any event. Hence, under these circumstances, we do not find that the error in this case was structural but instead find that the error can "be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." Fulminante, 499 U.S. at 308, 111 S.Ct. at 1264.

Therefore, restricting the error to patent error review, we nonetheless recognize that such error, like other statutory errors, can require reversal in light of the error's potential impact on the fairness of the proceedings. See State v. White, 404 So. 2d 1202, 1205 (La. 1981); see also La. C. Cr. P. art. 921 ("A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accuse."). For the following reasons, we find that the error in this case was not harmless, and as a consequence, the defendant is entitled to a new trial.

"The right of jury trial is no mere procedural formality, but a fundamental reservation of power in our constitutional structure that ensures the people's ultimate control in the judiciary." Blakely v. Washington, 542 U.S. 296, 305-06, 124 S.Ct. 2531, 2538-39, 159 L.Ed.2d 403 (2004). Trial by a jury prohibits a judge "from entering a judgment of conviction or directing the jury to come forward with such a

---

[7]  The court in United States v. Thaxton, 483 F.2d 1071, 1073 (5th Cir.1973) recognized that the presumption of innocence serves "a two-fold function in our criminal process." Pertinent to this case is that "it serves to remind the jury that the prosecution bears the burden of persuading the fact-finder of the defendant's guilt beyond a reasonable doubt and that in the absence of such proof that the jury must acquit."

verdict ... regardless of how overwhelmingly the evidence may point in that direction." Connecticut v. Johnson, 460 U.S. 73, 84, 103 S.Ct. 969, 976, 74 L.Ed.2d 823 (1983). "Thus, although a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the State, no matter how overwhelming the evidence." Sullivan v. Louisiana, 508 U.S. 275, 277, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182 (1993).

As previously mentioned, we have found no Louisiana case where the circumstance of failing to provide a "not guilty" responsive verdict to the jury has previously occurred; however, our research reveals that such has occurred in several other states and in federal court, with varying results. Among the cases from other jurisdictions is a series of cases where, without making an express finding that the omission of a "not guilty" responsive verdict was structural error or even not harmless, the courts nonetheless reversed the defendants' convictions and granted a new trial. See State v. Covert, 382 S.C. 205, 210, 675 S.E.2d 740, 743 (2009); Hills v. State, 994 So. 2d 412 (Fla. Dist. Ct. App. 2008); People v. Wade, 283 Mich. App. 462, 468, 771 N.W.2d 447, 451 (2009), rev'd, 485 Mich. 986, 774 N.W.2d 919 (2009), order vacated on reconsideration, 486 Mich. 909, 780 N.W.2d 844 (2010); State v. McHone, 174 N.C. App. 289, 291-99, 620 S.E.2d 903, 906-10 (2005), writ denied, review denied, 362 N.C. 368, 628 S.E.2d 9 (2006); State v. Knorr, 186 Ariz. 300, 303-04, 921 P.2d 703, 706-07 (Ct. App. 1996); People v. Koschtschuk, 119 A.D.2d 994, 996, 500 N.Y.S.2d 895 (1986); State v. Camley, 140 Vt. 483, 490, 438 A.2d 1131, 1134 (1981); and Braley v. Gladden, 403 F.2d 858, 861 (9th Cir. 1968). See also United States v. Ramirez-Castillo, 748 F.3d 205, 216 (4th Cir. 2014)(finding structural error where the trial court provided neither a "guilty" or "not guilty" verdict option to the jury); Dyke v. State, 716 P.2d 693, 698 (Okla. Crim. App. 1986) (although strictly as dicta, the court conceded the "failure to

submit 'not guilty' verdict forms to the jury constitutes fundamental reversible error.").

In all but two of the foregoing cases, the error in the verdict form was also mirrored in the trial court's charges or verbal instructions to the jury, which in most of those cases, the court further found warranted granting the defendant a new trial. As for the two cases in which the error was isolated to the verdict form, <u>Hills</u> and <u>Wade</u>, although the reviewing court found that the trial court's instructions to the jury were correct, the courts still granted a new trial because of the omission of a "not guilty" option on the written verdict form.

While the jury may not have genuinely misunderstood its role in passing on the guilt or innocence of the defendant, we cannot help but recognize that the trial court's inadvertent omission could have nonetheless tipped the scales of justice in favor of conviction and impermissibly suggested that the defendant must have been guilty on some basis. <u>See</u> <u>McHone</u>, 174 N.C. App. at 294, 620 S.E.2d at 907. Such likelihood should not be lightly discredited when it is recognized that a judge's lightest word or intimation is received by a jury with great deference and may prove controlling. <u>See</u> <u>Quercia v. United States</u>, 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933). As the absence of a "not guilty" responsive verdict could create an inference that the judge intended a guilty verdict, we find such an oversight is "so significantly irregular as to require a new trial." <u>See</u> <u>Braley</u>, 403 F.2d at 860 ("While it may not be unreasonable to assume that the jury inferred from the instructions that it might be empowered to write its own form of a verdict of not guilty, it is equally reasonable to assume that the jury inferred that the judge intended that only one verdict was possible, a verdict of guilty upon the one and only form which he supplied.").

We find granting a new trial is further dictated in this case based on evidence of possible juror confusion. In this case, evidence of juror confusion was revealed

10

in the polling of the jury. As pointed out by the defense in moving for a mistrial (which the trial court denied), just prior to receiving the jury's verdict, the trial court asked "[h]ave all six jurors concurred in each of the verdicts on the form?" The foreperson replied, "[y]es, Your Honor." The jury's verdict finding the defendant guilty as charged on all six counts was then read, and the defense asked that the jury be polled. Upon being polled, one juror indicated that he did not concur in the verdict for count five.[8]

Throughout the trial, the jury was repeatedly informed that the defendant was charged with six counts of simple burglary. Likewise, in its instructions, the trial court told the jury that the defendant was charged with six counts of simple burglary, and such was further written on the verdict form. Yet, when the jury was initially polled, the jurors all responded "yes" to the query of whether the verdict on an erroneously included seventh count was their verdict. Notably, the record contains no mention of any juror questioning the errors found in the verdict or polling forms.

In light of the jurors actions on being polled, we cannot say that we are certain beyond a reasonable doubt that the jurors understood their option, authority, and responsibility to find the defendant "not guilty," despite the written verdict form failing to provide a "not guilty" responsive verdict, should they have found that the State had not proven the defendant was guilty beyond a reasonable doubt. Just as the jury simply responded to the options presented to it on the polling form, it could have been confused as to whether it could find the defendant "not guilty" in the absence of such a choice being listed on the written verdict form.[9]

---

[8]  In light of the polling, the trial court retired the jury for further deliberation on count five. After further deliberation, the jury again returned a verdict of guilty as charged, which verdict was confirmed when the jury was re-polled on count five.

[9]  Although the defendant was found guilty as charged on all counts, despite there being an option to find him guilty of simple attempted burglary, we find this fact distinguishable from the court's holding in Render that a conviction of the greater offense is sufficient to show the defendant was not egregiously harmed. See Render, 316 S.W.3d at 854. We note that unlike in Render, the record in this case reveals that during deliberations, the jury asked the trial court to explain

11

Finally, we reject the Attorney General's argument that because the evidence was found to be sufficient to support the defendant's convictions, reversal is not warranted as "it is unlikely that the outcome would be different if the 'Not Guilty' response had been correctly listed on the jury verdict form." Jury nullification is a recognized practice which allows the jury to disregard uncontradicted evidence and instructions by the judge. State v. Porter, 93-1106, p. 4 n.5 (La. 7/5/94), 639 So. 2d 1137, 1140 n.5 (citing 2 Wayne R. LaFave and Jerold H. Isreal, *Criminal Procedure* § 21.1 (1984)). Treating the jury's prerogative to return a responsive verdict similar to the jury's power of nullification, this court has consistently held that the jury must be given the option to convict the defendant of a lesser offense, even though the evidence clearly and overwhelmingly supported a conviction of the charged offense. Porter, 93-1106 at p. 4, 639 So. 2d at 1140. Similarly, jury nullification requires that the jury must be provided with the option of a "not guilty" responsive verdict despite clear and overwhelming evidence of a defendant's guilt. See United States v. Leach, 632 F.2d 1337, 1341 (5th Cir.1980) ("Jury nullification—the right of a jury to acquit for whatever reasons even though the evidence supports a conviction—is an important part of the jury trial system guaranteed by the Constitution.").

In this case, the defendant pled "not guilty" to the charged counts of simple burglary and offered a defense that he lacked the intent to be found guilty of simple burglary, which requires a showing that the defendant entered the six vehicles he was charged with burglarizing "with the intent to commit a felony or any theft therein." See La. R.S. 14:62. The State admitted that it could not prove that the defendant had removed anything from any of the vehicles, and the defense presented evidence to establish that the defendant was simply inspecting the vehicles for possible parts or for use by his mother for whom he was in search of a vehicle. The

---

attempted simple burglary, which is further indicative of some possible confusion on the jury's part.

12

defense also pointed out that despite being at the car lot at 10:30 p.m., the defendant did not otherwise manifest the appearance of someone who was seeking to burglarize vehicles. See State v. Wright, 36,635, p. 7 (La. App. 2d Cir. 3/7/03), 840 So. 2d 1271, 1277.[10]  So, while the court of appeal found the evidence offered by the State was sufficient to support the defendant's conviction,  considering one juror declared on initial polling that he did not concur in the guilty as charged verdict reached on count five, we cannot say that we are convinced that the outcome of this matter would not change.

Thus, based on the reasoning articulated above, we reverse the defendant's underlying convictions of simple burglary and adjudication as a fourth felony habitual offender, as well as vacate the related sentences, and remand this matter for further proceedings consistent with this opinion.

**CONVICTIONS AND HABITUAL OFFENDER ADJUDICATION REVERSED; SENTENCES VACATED; AND REMANDED**.

---

[10]   After noting that that there were no signs of forced entry, there was no displacement of the victim's possessions, and that the defendant did not possess any burglary tools or weapons, nor was he wearing a mask or gloves at the time, the court in Wright found the evidence insufficient to support the defendant's conviction of simple burglary despite the defendant admitting that he had been inside the home that was being extensively remodeled due to fire damage.

# SUPREME COURT OF LOUISIANA

### No. 2024-K-00761

### STATE OF LOUISIANA

### VERSUS

### MICHAEL STEVEN WHITE

*On Writ of Certiorari to the Court of Appeal, First Circuit,*
*Parish of St. Tammany*

**WEIMER, C.J.**, concurring in part, dissenting in part.

Although disappointing, "particularly egregious" and "troubling,"[1] I believe

that the trial court's omission of "not guilty" from the verdict form, which was

apparently unnoticed by the trial court, the state, and defendant as well, and

unprecedented in Louisiana jurisprudence, fits neatly within the provisions of La.

C.Cr.P. art 920(2) as a patent error and subject to the harmless error analysis, despite

the lack of a contemporaneous objection by defendant.[2] See **State v. Williamson**,

389 So.2d 1328, 1331 (La. 1980); see also La. C.Cr.P. art. 921. Therefore, I agree

with the majority's finding that "the error in this case was [not] structural[.]" **State**

**v. White**, 24-0761 (La. 3/__/26), slip op., p. 8 (quoting **Arizona v. Fulminate**, 499

U.S. 279, 308 (1991)).

However, I respectfully disagree with the majority's application of the harmless

error analysis, and the finding that "the error in this case was not harmless." **White**,

24-0761 slip op. at 8-13. Rather, based on a review of the proceedings as a whole,

I find that the trial court's omission error was harmless, as the jury was obviously

---

[1] See **State v. White**, 23-0878, p. 12 (La.App. 1 Cir. 6/4/24), 391 So.3d 722, 730-31.

[2] As defendant appropriately recognizes, "it is not considered proper that the defendant should be permitted to sit idly by [and] take his chances upon the verdict, and, if against him, then by assignment of error or motion in arrest take advantage of it" (citing **State v. Craddock**, 307 So.2d 342, 343 (La. 1975)).

aware of its duty to acquit if the state failed to meet the burden of proof of guilt beyond a reasonable doubt.

When defendant was first confronted at a car dealership by police officers at 10:30 p.m., with numerous doors and hoods open on vehicles owned by the dealership, he soon provided two conflicting stories to the investigating officer as to why he was present at the crime scene. Initially, he explained that he was "[s]eeing if he [could] use anything to strip or buy, flip, and sell." After being placed in the officer's car, defendant stated that he was trying to find a vehicle for his mother and admitted to having opened the car doors. Defendant was charged with six counts of simple burglary. Simple burglary is "[t]he unauthorized entering of any ... vehicle ... with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60." La. R.S. 14:62(A)(1). Although the majority finds no theft occurred, that is not dispositive. Whether an actual theft occurs is not an element of the crime of simple burglary. The elements of the crime are satisfied by the defendant crossing the threshold–that is entering the vehicle–with the intent to commit a felony or any theft. The fact that defendant was caught before he was able to take anything, does not mean a burglary did not occur.

Defendant is a fourth-felony offender. Defendant's predicate offenses were vehicular homicide in 2015, theft between $500 and $1,500 in 2005 (three counts), and simple burglary in 2005.

In *voir dire*, the trial court addressed prospective jurors as follows:

> No matter what the crime charged, whether it is first degree murder or issuing a worthless check valued at more than $1000, the defendant is presumed innocent. That is, if all 23 of you were asked to vote at this moment, **all 23 would vote not guilty**, because you've heard no evidence. Do each of you feel like you understand the presumption of innocence and that you can apply the presumption of innocence?

2

(WHEREUPON, ALL PROSPECTIVE JURORS INDICATED AN AFFIRMATIVE RESPONSE.)

That holds true no matter what the type of charge is, and in this case, it is burglary. And it holds true no matter whether there [is] one count, fifty counts, or anything in between. The mere fact that there may be multiple counts in a case does not change the presumption of innocence. In this case, the defendant is charged with six counts of simple burglary. Can each of you agree that the name of the charge or the number of counts in an accusation does not change the fact that you presume that he is innocent at this time? Each of you can do that?

(WHEREUPON, ALL PROSPECTIVE JURORS INDICATED AN AFFIRMATIVE RESPONSE.) [Emphasis added.]

The trial court advised the jury as follows during its oral instructions:

The defendant is not required to prove that he is innocent. The defendant is presumed to be innocent. The defendant begins the trial with a clean slate. The burden is on the State to prove the defendant's guilt beyond a reasonable doubt. You must give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence. In order to convict the defendant each element of the crime must be proven beyond a reasonable doubt. **If you're not convinced of the guilt of the defendant beyond a reasonable doubt, then you must find the defendant not guilty**. [Emphasis added.]

The trial court later advised the jury, "If you are convinced beyond a reasonable doubt that the defendant is guilty of a lesser offense, the following offenses are responsive verdicts to the crime of simple burglary: guilty of simple burglary, guilty of attempted simple burglary, **not guilty**." Emphasis added. The trial court also later advised the jury as follows:

If you are convinced beyond a reasonable doubt that the defendant is guilty of the offense charged of simple burglary, in any count, the form of your verdict for that count should be, we the jury find the defendant guilty.

If you're not convinced that the defendant is guilty as charged in any count, but you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser responsive charge for that count, the form of your verdict should be, we the jury find the defendant guilty of, and then write in the responsive verdict.

3

> If the State has failed to prove beyond a reasonable doubt that the defendant is guilty of either the offense charged or of a lesser included offense in any particular count, the form of your verdict for that count should be, we the jury find the defendant **not guilty**. [Emphasis added.]

Prior to opening statements, the trial court informed the jury that "[t]he burden is always on the State to prove each element of the offense charged beyond a reasonable doubt." In defense counsel's opening statement, he told the jury, "I think you're gonna say to yourself, this is just a man full of stupid, not a guilty man." During closing arguments, the State urged the jury to find defendant guilty as charged of simple burglary, whereas defense counsel urged the jury to find defendant "not guilty."

The trial court also instructed the jury that if there was a question about the jury instructions, the question should be written down and given to the bailiff. During deliberations, the jury asked, "Please explain attempted simple burglary[,]" at which time the court advised the jury accordingly.

The jury heard about the presumption of innocence and the burden on the state to prove guilt beyond a reasonable doubt from the beginning of *voir dire* through the beginning of trial and at the end of the trial. Jurors take their duties and responsibilities seriously and would, in my view, not be misguided based on multiple admonitions to find defendant not guilty given throughout this proceeding. The omission was harmless.

It is undisputed that the jury verdict form omitted the word "not" from "not guilty" as the third responsive verdict. Nonetheless, after a six-person jury initially returned a verdict of guilty as charged on all counts, defense counsel moved to poll the jury. Pursuant to the written poll that followed, the court noted that the verdict was not unanimous as to count five and sent the jury back for further deliberations.

4

Subsequently, a unanimous guilty verdict was rendered as to court five. These facts evidence the jury was not confused, but instead the jury was well aware that "not guilty" was an available verdict.

The court of appeal carefully analyzed and rejected defendant's assignment of error challenging the sufficiency of the evidence. **State v. White**, 23-0878, pp. 9-10 (La.App. 1 Cir. 6/4/24), 391 So.3d 722, 729. Defendant admitted to his identity and that he *opened* the doors of vehicles and the hood of one vehicle. ***Id.***, 23-0878 at 6, 391 So.3d at 727. In support of its finding "that a rational trier of fact, viewing the evidence presented at trial in the light most favorable to the State, could find the evidence proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant **entered** [emphasis added] the six identified vehicles located at J&J on the night in question," the court of appeal stated:

> While observing the defendant at J&J prior to law enforcement's arrival, [the owner of the vehicle, Mr.] Ducre affirmatively stated he saw the "engine and the car open light on" as well as the defendant in one of his vehicles. Ducre stated he did not leave any vehicle doors and/or engine hoods open prior to leaving for the day. Upon law enforcement's arrival, they observed six vehicles whose doors and/or engine hoods were open. Further, when initially questioned by Deputy Wenturine concerning his actions, the defendant admitted to "[s]eeing if he [could] use anything to strip or buy, flip, [or] sell." Moreover, the defendant admitted to Lieutenant Coulon that he opened some of the vehicle doors, and the Lucky Strike cigarettes found on the ground near other vehicles matched the same cigarettes found in the defendant's vehicle.

***Id.***, 23-0878 at 9, 391 So.3d at 729. There is ample evidence in the record to support defendant's conviction.

For these reasons, I find that the State proved beyond a reasonable doubt that the error was harmless.[3] The majority's concern that the omission of the word "not" before the word "guilty" on the verdict form "could have ... tipped [the] scales of

---

[3] Harmless error analysis places the burden on the State to prove beyond a reasonable doubt that the error was harmless. **State v. Burton**, 19-1079, pp. 8-9 (La. 6/30/21), 320 So.3d 1117, 1123-24.

justice in favor of conviction" is not supported by this record. The fact polling revealed a unanimous verdict had not been reached as to count five, in my opinion, evidences an understanding that "not guilty" was an option available for the jury's consideration. The fact that the record contains no mention of any juror questioning the errors found in the verdict or polling forms demonstrated the jury was not confused by the lack of "not guilty" on the verdict form. When the jury was concerned about the potential verdict of "attempted burglary," the jury posed a question.

A review of the proceedings as a whole–jury instructions and statements made during *voir dire*, the preliminary instructions, opening statements, and closing arguments–reveals that the jury was well aware of the presumption of innocence, and the discretion to find the defendant not guilty, throughout the process and of its duty to acquit if the State failed to meet its burden of proof.

For this reason, I dissent from the majority's reversal of the trial court's judgment, as I would affirm the court of appeal's decision.

# SUPREME COURT OF LOUISIANA

## No. 2024-K-00761

## STATE OF LOUISIANA

## VS.

## MICHAEL STEVEN WHITE

*On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of St. Tammany*

**GRIFFIN, J., concurs in the result and assigns reasons.**

I would hold the failure to provide a "not guilty" option on a verdict form is structural error automatically warranting a new trial. *See Braley v. Gladden*, 403 F.2d 858 (9th Cir. 1968); *Dyke v. State*, 716 P.2d 693 (Okla. Crim. App. 1986); *Hills v. State*, 994 So.2d 412 (Fla. Dist. Ct. App. 2008); *State v. Covert*, 675 S.E.2d 740 (S.C. 2009).